THORNE v. HILLIKER.

## Benjamin Thorne v. Augustus Hilliker and others.

*Practice in foreclosure suits: Disregarding commissioner's report.* — Bill for the foreclosure of a mortgage. An answer being filed denying that any thing was due, the case was referred to a circuit court commissioner, whose report showed nothing due when suit was commenced. This report was not excepted to, and it was held that the defendant had a right to rely upon it, and that the Court could not inspect the documents which were before the commissioner, or take evidence to test the correctness of the commissioner's conclusions. And the Court below, having, on inspection of the documents, rendered a decree for complainant, it was reversed by this Court.

*Submitted July 17th, 1863.  Decided January 8th.*

Appeal in chancery from Lapeer Circuit. The bill was filed for the foreclosure of a mortgage. Birdsall, one of the defendants, answered, denying that there was any thing due on the mortgage when the suit was commenced. The bill was taken as confessed by the other defendants. The case being referred to a circuit court commissioner to report the amount due, he made a report showing that the interest due at the time suit was commenced had all been paid, and by the terms of the mortgage no part of the principal was yet due. No exception was taken to this report, but, on the hearing in the Circuit Court, the Circuit Judge, on an inspection of the receipts upon the mortgage came to the conclusion that one year's interest was due and unpaid at the time the bill was filed; and rendered decree for complainant. Birdsall appealed to this Court.

The original mortgage was brought to this Court for inspection — the controversy being as to the *time* stated in one of the receipts, up to which interest had been paid — one party insisting that it was to December 5, 1858, and the other to December 5, 1859.

*A. B. Maynard,* for complainant.

*Hemingway & Stickney,* for Birdsall.

THORNE v. HILLIKER.

CAMPBELL J.:

In this case the commissioner's report, stating the amount due on a mortgage, shows that the principal was not due until after the bill was filed, and that no interest was then unpaid, the interest accruing up to that time being stated to have been paid. Complainant did not except to this report, nor did he object to it; but allowed it to stand as the foundation of his claim to a decree. He can not now, by evidence, or by asking this Court to inspect the documents, rid himself of the effect of this action. He is bound by the report which he has adopted, and the defendant has a right to rely upon it.

There was therefore no cause of action when the bill was filed. The decree must be reversed, and the bill be dismissed, with costs of both courts as far as the appellant is concerned.

The other Justices concurred.