## CALEB LAMSON *vs.* WAREHAM DRAKE.

A tenant for life of land, on which there is a mortgage overdue, cannot hold possession of the land against the mortgagee, by paying interest as it accrues; nor can he, by paying the amount of the mortgage, compel the mortgagee to assign it to him; but a bill brought for these purposes may be maintained as a bill to redeem, if the plaintiff alleges his willingness to pay the amount due on the mortgage " in such other way or upon such other terms as the court may direct," and the answer alleges the defendant's readiness to account as ordered by the court.

An objection that a master's report was "delivered to the plaintiff and by him handed to the clerk, sealed up, and by him filed in the court, without notice given to the defendant," must be taken before filing exceptions to the substance of the report.

The interest of a tenant for life in land on which there was a mortgage in fee was taken on execution by the plaintiff; but the tenant for life and the reversioners, who were his children, remained in possession, and executed a deed of the land to the defendant, who, on the same day, took an assignment of the mortgage, and received some rent, they remaining in possession as before. Afterwards, on a writ of entry against the tenant for life, the plaintiff was put in possession as against him, but the officer's return to the writ of possession stated that "actual and entire possession" was not given, the premises being withholden by the defendant, "claiming to be mortgagee." The defendant had never entered to foreclose the mortgage. *Held*, that, until the service of the writ of possession, the defendant would be presumed to be holding under his deed, but afterwards would be presumed to be holding under his mortgage, and liable for such a rent as he might with due management have received.

BILL IN EQUITY alleging that the plaintiff was the owner of certain real estate in Newburyport for and during the life of Joel Lancy, subject to a mortgage in fee of the same made by Lancy and his wife Ruth W. Lancy, in her right, to Hannah Little, and by her assigned to the defendant, to secure the payment of about $130 ; that the plaintiff, having an execution for the possession of the premises as against Lancy, who was still living, and who became entitled to the possession and was possessed of the premises upon the death of his wife, took possession of them as against Lancy ; and that there was no other party who had any legal or equitable interest in and to them, besides the plaintiff and the defendant.

The bill further alleged that the plaintiff offered to pay to the defendant the interest yearly in advance on the amount due on the mortgage, upon the plaintiff's going into possession of the premises, but the defendant declined to accept the offer, and declined to consent to the plaintiff's going into possession ; that the

Lamson v. Drake.

plaintiff offered to pay the defendant the amount due on the mortgage upon his assigning the same to the plaintiff, but the defendant refused to accept this offer; that the plaintiff demanded of the defendant a just and true account of the amount due on the mortgage, but the defendant declined and failed to render any account thereof to the plaintiff; that it was inequitable on the part of the defendant to hold the plaintiff out of the possession of the premises upon the conditions offered by the plaintiff, and thereby deprive him of the whole or any part of his right to the life estate aforesaid; and that the defendant ought to pay to the plaintiff a reasonable sum as damages for holding him out of possession for all the time the defendant held and should hold the plaintiff inequitably out of the same.

The prayer was for an answer, and that the defendant might be compelled "to permit the plaintiff to enter into possession of, and enjoy the benefits accruing from, the possession of said premises, upon the plaintiff's keeping down the interest on said mortgage, which the plaintiff offers to do, or upon his paying to the defendant the amount due on the mortgage, taking to himself an assignment thereof, which payment the plaintiff offers to make upon the assignment of the mortgage to himself, or in such other way and upon such other terms as to the court shall seem meet, and also that the defendant be compelled to pay to the plaintiff reasonable damages for holding him out of the possession of the premises."

The defendant in his answer admitted the making and assignment of the mortgage, denied all the other allegations in the bill, and alleged that, "if the plaintiff shall prove his alleged ownership and right to account, this defendant is ready and willing to render such account as may be directed by the court."

It was agreed, on the motion of the plaintiff, that the case should be referred to a master, "leaving all questions open for the court in regard to the reasons for and propriety of the reference." What were the terms of the order of reference did not appear.

The master (who commenced his report with a recital that it was made "under rule of reference to hear the parties, take and

report the evidence, state the account between the parties, and the sum due on the mortgage, and report upon questions of law for the consideration of the court ") reported the facts substantially as alleged in the bill; and that the defendant, under the mortgage assigned to him, entered the premises on December 5, 1837, and from that time ever since held possession thereof, leasing, and receiving the profits and rents thereof.

The master reported the amount due on the mortgage, if the mortgagee were charged with the actual receipts, and also the amount due, if the mortgagee were charged with the full annual value of the property, or all that with due care and diligence he might have received; and found that the latter was the correct amount.

From the statement of the evidence taken before the master, which accompanied his report, it appeared that the mortgage from Joel Lancy and his wife to Little was to secure the payment of a promissory note signed by them and due April 29, 1861; that in September 1866 the execution in favor of the plaintiff was levied on the life estate of Joel Lancy as tenant by the curtesy of the premises; but that Lancy and his family seem to have remained in possession : that on December 5, 1867, Lancy and his wife's heirs gave to the defendant a deed of the premises; that Lancy or some of his children remained in possession; that the defendant did not enter to foreclose the mortgage, but received some money as rent on that day; and that on February 5, 1868, the plaintiff was given possession of the premises under a writ of possession issued on a writ of entry therefor, brought by him against Lancy; but that, as was stated in the officer's return to the writ of possession, "actual and entire possession" was not given, the premises "being withholden by Wareham Drake, claiming to be mortgagee."

The defendant excepted to the master's report, on the ground that it "was delivered to the plaintiff and by him handed to the clerk, sealed up, and by him filed in the court, without notice given to the defendant, whereby the defendant was unable to make his objections to the same before filing;" that the evidence showed that the defendant took possession under the deed to him,

and not under the mortgage; that the evidence showed that the defendant did exercise all the care required of a mortgagee, in leasing the premises; " and that the order of reference was improvidently made, so far as any claim for an account was made, inasmuch as the bill did not call for an account and none was prayed for, and an account appeared to be contemplated in the bill only for the purpose of an assignment of the mortgage to the plaintiff."

At the hearing before *Ames*, J., the bill was ordered to be dismissed, with costs for the defendant; and the plaintiff appealed.

*C. Lamson*, *pro se.*

*J. C. Perkins*, for the defendant.

WELLS, J. This bill presents a diversity of aspects.

1. As against the mortgagee, the plaintiff is not entitled to postpone payment of the principal of the mortgage debt until the expiration of the life tenancy; nor to hold the premises by paying the interest only. The mortgagee is entitled to the possession and entire income of the estate until the whole amount due is paid, whatever may be the rights between the life tenant and the reversioner.

2. As against the reversioner, the plaintiff is not entitled to throw the whole burden of the mortgage debt upon the reversion, either by being put into possession and allowed to hold the land by paying interest only, or by taking an assignment of the mortgage, and keeping it outstanding during the continuance of the life tenancy. There is nothing in the mortgage to make it, or to indicate that it was intended as a permanent charge upon the land.

3. Neither the pleadings nor the proofs are such as to present the question, or enable the court to determine, whether, as between the life tenant and the reversioner, there ought to be an apportionment of the mortgage debt, and contribution towards its payment by the reversioner.

4. The bill can be maintained, if at all, only as a bill to redeem simply.

We think it may be so maintained. The mortgage, and also the plaintiff's title and right to redeem, are sufficiently set forth. Although the averments, as well as the offers and prayers of the

bill, are mostly directed to other modes of relief sought, it is averred that the plaintiff is ready . and offers to pay the full amount due on the mortgage, upon an assignment thereof to himself, " or in such other way and upon such other terms " as to the court shall seem meet. A previous tender, or offer to pay the amount due upon the mortgage, is not essential to the maintenance of the suit. It only affects the recovery of costs. Gen. Sts. *c.* 140, § 21. The bill does not pray for an account, but it does allege that an account had been previously demanded, and prays for full answers to the bill ; and the defendant does not demur, but answers, among other things, that " if the plaintiff shall prove his alleged ownership and right to account, this defendant is ready and willing to render such account as may be directed by the court." The reference to the master to state the account was therefore proper.

From the agreement of reference, and the recital of the order in the master's report, it is apparent that the order of reference contemplated a hearing before him upon all questions involved in the case ; but it does not appear that he was authorized to find the facts conclusively ; and in the absence of the order itself we cannot presume that it did so authorize him. The recital of the order by the master, and the report of the evidence by him, indicates the contrary. But in either case those findings are open to revision by the court, where the evidence upon which they are made is reported by the master.

It is too late at this stage of the case to object to the irregularity in the mode of returning the master's report to the court. It should have been done by motion, before filing exceptions to the substance of the report.

Upon the report and the accompanying evidence, it is manifest that the plaintiff is entitled to redeem. In this suit, he can have a decree for redemption only upon condition of paying the whole amount due upon the mortgage, and is not entitled to have an assignment to himself.

The master reports the amount due the mortgagee, charging him with actual receipts only ; and also the amount due if he were to be charged with the full annual value of the property

or all that with due care and diligence he might have received. The master finds that the defendant took possession under his mortgage December 5, 1867, and is therefore chargeable from that time with the full rentable value of the property. But we do not see that this finding is supported by the evidence. It appears that on that day Joel Lancy, being then in possession, or at least not then dispossessed by the plaintiff's writ of possession, executed a deed of the land to the defendant, in which the heirs of Ruth W. Lancy, deceased, joined, to convey their reversionary interest. Joel Lancy, or some of his children, remained in the occupation afterwards, as before. The defendant made no formal entry to foreclose his mortgage. If he assumed control of the property at that time, we think it is to be presumed that he did so under his deed rather than under his mortgage. But this possession was terminated by the service of the plaintiff's writ of possession, February 5, 1868. The plaintiff was then put in possession as against Joel Lancy and those holding his title; but full and actual possession was withheld from him by the defendant, claiming to hold it as mortgagee. From that time, the defendant must be regarded as holding the premises under his mortgage, and accountable for the income.

He chose to use his mortgage to prevent the plaintiff from ejecting the former occupants. We see no reason, therefore, against adopting the conclusion of the master, that he is chargeable with the full amount of the fair rentable value of the property. The amount found due by him upon this basis is the amount to be paid upon redemption, adding thereto the difference, about seven dollars, on account of the two months from December 5, 1867, to February 5, 1868.

Under the Gen. Sts. *c.* 140, § 21, the defendant is entitled to recover his costs. *Decree accordingly.*