GEORGE E. LAMB & wife *vs.* ALBERT MONTAGUE.

A. and his wife had a homestead, and the wife an inchoate right of dower subject to a
mortgage made by them; A.'s equity of redemption had been sold by his assignee in
bankruptcy.  In a suit in equity brought by A. and his wife against an assignee of the
mortgage, offering to pay the amount due, and asking for an assignment of the mortgage,
*Held*, that they were not entitled to an assignment, but that the bill might be maintained
as a bill to redeem.

COLT, J.   The plaintiffs Lamb and his wife have a homestead,
and the wife in addition has an inchoate right of dower in real
estate subject to a mortgage given by them, of which the de-
fendant Montague has become the assignee.   They offer to pay
the whole amount due, and ask that the mortgage may be as-
signed to them so as to continue security for the amount paid.

The bill was brought originally against Montague and against
Smith, then and now owner of the equity of redemption in the
mortgaged premises, by purchase from Lamb's assignee in bank-
ruptcy, subject to these rights of dower and homestead.   It al-
leges a willingness to pay the mortgage, and asks that the de-
fendant Montague may be required to assign the same for the
plaintiffs' security.   The answer of Montague denies the plaintiffs

right to an assignment, and states his readiness to accept the amount due and discharge the mortgage. And the only question is whether such an assignment can be required.

The right of the plaintiffs as owners of a homestead, and of the wife by virtue of her inchoate right of dower, to redeem the mortgaged estate is settled. *Davis* v. *Wetherell*, 13 Allen, 60. This right is the right to redeem the entire estate included in the mortgage, by the payment of the whole debt due upon it. The mortgagee is not obliged to take his pay by instalments, or to release any specific portion of the estate on part payment. The whole estate is security to him for the whole debt; and he will have done his whole duty by releasing his interest on receiving payment. He is not required to adjust or regard the equitable rights to contribution, which may exist between parties having different interests in the equity, or to protect them by transferring his title to any one. When such rights exist, they are protected on those settled principles of equity by which one who assumes more than his share of the common burden is subrogated to the rights of the mortgagee, to hold without any assignment or act of transfer as *quasi* assignee, for the purpose of compelling contribution. He becomes in effect the assignee of the mortgage for the purpose of enabling him to compel a contribution. But the right to subrogation arises by operation of law only where there has been a judgment and extinguishment of the mortgage by one en- titled to redeem. An assignment implies the continued existence of the debt, and the equitable right does not arise. *Gibson* v. *Crehore*, 5 Pick. 146, 152. *McCabe* v. *Bellows*, 7 Gray, 148. *Butler* v. *Taylor*, 5 Gray, 455. *Ellsworth* v. *Lockwood*, 42 N. Y. 89, 98. *Hubbard* v. *Ascutney Co.* 20 Vt. 402, 405. *Robinson* v. *Leavitt*, 7 N. H. 73, 100.

Upon the grounds thus stated, the plaintiffs fail to establish a right to an assignment, and are therefore not entitled to the specific relief prayed for against Montague. But the bill may still be maintained against him as a bill to redeem. And the plaintiffs may take the usual decree in such cases for redemption, on payment of the sum due with costs. Gen. Sts. *c.* 140, § 21. *Lumson* v. *Drake*, 105 Mass. 564.

Upon the question whether the plaintiffs are entitled to recover the whole of the sum or any part thereof by way of contribution, we express no opinion. The other defendant Smith was, by the consent of parties in an early stage of the case, " discharged without costs and without prejudice," and no decree can be here made which will bind him in the premises. If the mortgage is redeemed, these questions, if not adjusted, may arise in future litigation between the parties. *George* v. *Wood*, 9 Allen, 80.

*Decree accordingly.*

*C. Delano & J. C. Hammond*, for the plaintiffs.
*D. W. Bond & H. H. Bond*, for the defendant.