BENJAMIN F. POPPLE *vs.* DANIEL E. DAY & others.

Bristol.    Oct. 23, 1877. — Jan. 14, 1878.    LORD & SOULE, JJ., absent.

It is a good consideration for a promissory note that the promisor gave it at the request and for the benefit of his son, who was in the employ of the promisee, to be applied by the latter towards the payment of a defalcation of the son, the note being so credited to the son on the books of the promisee.

A. executed a deed of mortgage of land containing the condition "that if, on demand, there shall be paid" $1000 on a certain promissory note, signed by A. as indorser, then the deed should be void. The note was signed by A.'s son as principal, and was for more than $1000, and was given on account of a defalcation of his, and upon the giving of which the son was taken back into the promisee's employ, upon an agreement that a part of his wages should be applied in payment of the debt, under which arrangement more than $1000 was received by the promisee out of the son's wages, leaving more than $1000 due on the note. *Held*, on a bill in equity by A. to redeem the mortgage, that the amount received from the son's wages was not to be credited to the mortgagee.

A decree of a judge in equity, making an allowance of interest in accordance with a finding of a master, to which no exception was taken, cannot be revised on an appeal to the full court.

---

COLT, J. This was a bill to redeem two mortgages given by the plaintiff to the defendants, one to secure the payment of the plaintiff's promissory note for $700, and the other to secure the payment of $1000 on a note for $3860.38, held by the defendants, and signed by the plaintiff's son as principal and by the plaintiff and one Sisson as indorsers. The case was sent to a master, and comes up on appeal from the decree of a single judge, disallowing the plaintiff's exceptions to the master's report, and giving the plaintiff the right to redeem both mortgages on payment of the amounts due thereon, with interest and costs.

The plaintiff relies on two exceptions to the master's report. As to the first, the evidence fully justified the master in finding a legal consideration for the $700 note. The note itself, produced by the defendants, imports a good consideration and makes out a *primâ facie* case, which must prevail, unless overcome by the evidence relied on by the plaintiff. But that evidence, so far from defeating the presumption arising from the note, tends plainly to support it. It is fairly to be inferred from the facts stated, and the circumstances under which the note was given, that the plaintiff gave the note at the request and for the benefit of his son, and upon the understanding that it should be applied by the defendants to the payment of the amount due them on account of a defalcation of the son, who was in the defendants' employ. The master properly so found, and this, with the fact that the note was so credited to the son on the defendants' books, makes a good consideration for it. *Forster* v. *Fuller*, 6 Mass. 58. *Delano* v. *Bartlett*, 6 Cush. 364.

The second exception depends on the construction to be given to the condition in the mortgage given to secure the payment of $1000. It appeared that on account of further defalcations on the part of the son, a note for over $3800 was given by him to the defendants, which was indorsed, and, by a separate writing, guaranteed by the plaintiff and Sisson ; and that thereupon the son was taken back into the defendants' employ, upon an agreement that a part of his wages should be applied to the payment of the debt. Under this arrangement, more than the amount of $1000 was reserved by the defendants out of the son's wages.

The plaintiff contends that the application of the son's earnings will more than satisfy the condition of the mortgage, and that the master ought so to have applied them. The condition in question is, in substance, " that if on demand there shall be paid" the sum of $1000 upon the note for $3860.38, then the deed shall be void; no note or other security for the $1000 having been given by the mortgagor. If the construction contended for is the true construction, then the payment of the amount named on the note for the larger sum, from any source, even if it were a payment by Sisson, the co-surety, would discharge the plaintiff's mortgage. But payment of a sum of money to be made on demand, as a condition upon which a mortgage upon real estate shall be discharged, as commonly understood, means payment by the mortgagor upon a demand made upon him, rather than payment by a stranger to the deed with or without a demand. The reasonable construction of the condition is, that it was intended and understood to limit the amount for which the land conveyed should be held as security for the payment in part of the larger sum named in the note, and to provide that the payment of that limited amount on the note by the mortgagor, on demand, should release the land; and we see nothing in the circumstances of this transaction to control this construction.

As to the allowance of interest in the decree appealed from, it is sufficient to say that the time from which interest is to be computed was found by the master and reported by him, with no exception taken by the plaintiff. The decree follows the finding of the master, and no error is apparent in this respect.

*Decree affirmed, with costs.*

*T. M. Stetson & F. B. Greene*, for the plaintiff.

*C. W. Clifford & W. Clifford*, for the defendants, were not called upon.