THEODORE H. EATON v. WESLEY TRUESDAIL, EMILY L. TRUESDAIL AND HENRY N. WALKER.

[CALENDAR No. 4066.]

GRAVES, J.  The defendant Wesley Truesdail appeals from a decree declaring certain grants made at his instance to Eaton to be mortgages, and also finding to be due and unpaid thereon a large amount and ordering foreclosure.

The grants are absolute on their face, but Truesdail holds a defeasance made by Eaton and which professes to explain the nature of the claims to be secured. The instrument is, however, not free from ambiguity in this respect.

When the arrangement arose in 1857 Eaton held admitted cash demands against Truesdail amounting to $24,000, and it was expected by the parties that further claims to a large amount would arise out of new transactions which were anticipated.

Subsequent to the defeasance some of the old indebtedness and interest accruing upon it was capitalized in new notes, and complainant contends that these items fell within the security and became secured by it, notwithstanding the circumstance that they were upon a consideration anterior to the grants and defeasances. But appellant contends that on just construction the security was only applicable to such demands as originated after the defeasance, and that those of earlier origin, however changed in form afterwards, have never been embraced. There have been large demands of both classes.

After the parties had been severally examined at considerable length and numerous exhibits had been shown, the circuit judge on hearing the case referred it to a commissioner to compute and report the amount due as a basis for a final decree and ordered that the proofs already taken in the cause should be used on the reference, and moreover that further proofs might be taken by either party before the commissioner.

The commissioner proceeded to execute the reference, and January 21st, 1878, he made and filed his report and therein found due at that date to complainant for principal and interest the sum of $31,037.15.

No objections or exceptions were made by appellant or by any of the parties, and the report was regularly confirmed and a final decree was based upon it.

The same ground is taken on each side in respect to

the occasion which arose for exceptions to the report and the effect of the omission, as in the other cause.

Complainant's counsel insists that not having excepted the appellant is precluded from questioning the propriety of the finding of amount, and on the other hand appellant's counsel urges that the court in the interlocutory decree by which the reference was ordered, decided the matter in question in complainant's favor, and that the commissioner merely followed the decree, and hence there was no ground for alleging error against the report, and that the only proceeding exposed to complaint was the decretal order.

The general course of the court in matters of this sort is fully explained in Gilbert's For. Rom., 162 et. seq.; 2 Barb. Ch. Prac., [2 ed.], p. 544; Bk. II., ch. 3, sec. 4; 2 Daniell's Ch. Pr., 1294 to 1322.

Although we do not understand that there is any difference of opinion as to what the law of the court is on this subject, apart from the question of its application, the occasion will excuse a special reference to a few cases.

In *Thorne v. Hilliker*, 12 Mich., 215, the commissioner's report showed that when the bill was filed there was nothing due on the mortgage sought to be foreclosed, and the complainant made no exception. But the court on inspection of receipts on the mortgage concluded that an item of interest was behind at the time the bill was filed, and thereupon decreed in favor of complainant. On appeal this court decided that the complainant not having excepted to the report virtually adopted it and was bound and could not escape the effect in this court.

In *Utica Insurance Co. v. Lynch*, 2 Barb. Ch., 573, it was ruled that where an error in calculation only has occurred and the report has been allowed to stand and be made a basis for a decree ordering payment of the amount reported, the error cannot be corrected whilst the decree so founded on the report remains in full force.

In *Turner v. Turner*, 1 Swanston, 154, the master's

report had been confirmed at the Rolls, and a decree had been grounded upon it, and a review of it being sought, the case being one of great hardship, Lord Eldon said: "I do not conceive it is in the power of the Lord Chancellor to order a report to be reviewed after having been confirmed and followed by a decree of the Master of the Rolls while the decree stands."

*Popple v. Day*, 123 Mass., 520, was a case for redemption where the judge having primary cognizance overruled exceptions to the master's report and decreed redemption on payment of certain sums reported. An appeal was taken and the appellant complained that the decree was wrong in respect to an amount of interest. But the court said: "As to the allowance of interest in the decree appealed from it is sufficient to say that the time from which interest is to be computed was found by the master and reported by him with no exception taken by the plaintiff. The decree follows the finding of the master, and no error is apparent in this respect."

*Kinsman and Goddard v. Parkhurst*, 18 How., 289, was a case where, among other things, an account was prayed of transactions in the manufacture and sale of patented machines under certain special arrangements. The circuit court made an interlocutory decree declaring Parkhurst's right to an account, referring the cause to a master to take and state the accounts, and directing him in taking them to ascertain and report the number of machines made and sold by Kinsman and Goddard, or either of them, the advances made by Kinsman and Goddard or either of them; and charging a profit of $100 on each machine sold. The master reported, and his report not being excepted to was confirmed and a final decree made that Kinsman and Goddard should pay to complainant the amount reported to be due from them. From this decree Kinsman and Goddard appealed, and Goddard objected that he had been charged by the final decree jointly with Kinsman for the profits on sales of machines made before the transfer to him by Kinsman. But the

court replied: "If this be so it arises from the report of the master, who was directed by the interlocutory decree to report the sales made by Kinsman and Goddard, or either of them, and the advances and expenditures of them, or either of them. If his report was in this or any other particular erroneous, it was incumbent on the defendants to have pointed out the error by an exception filed pursuant to the rules of the court on that subject." And further on, after referring to a recent motion to dismiss the appeal on the ground that the master's report not having been excepted to, and appellants not having objected to the final decree, there was nothing open on the appeal, the court noticed that appellants' counsel successfully opposed the motion by claiming that the appeal was brought to review the interlocutory decree which had decided the merits, and that there was no other ground; and then added: " But the interlocutory decree does not direct the master to charge Goddard and Kinsman jointly with profits on sales made by Kinsman alone. If the master put such an interpretation on the decree, it was an erroneous interpretation and should have been brought before the court below by an exception. It is too late to object to it here for the first time."

Similar citations might be greatly multiplied, but the foregoing are sufficient to illustrate the bearing on the present case of this feature of chancery procedure.

We see that unless appellant's counsel is correct in claiming that the interlocutory decree decided what demands were covered, the questions agitated are not open on this appeal, and we think it is clear that it made no decision on that subject.

An examination of it satisfies the court that it is a mere echo of the defeasance in this respect, and that it did not attempt to construe that instrument or to identify or distinguish the demands or classes of demands secured. The same uncertainty remained which had existed before. The dispute as to whether papers made subsequent upon consideration wholly or in part of prior

date, and taken and held by Eaton at Truesdail's specific request or at his implied request, or with his assent merely, were covered by the security, was not passed upon, and the purpose not to pass on it is distinctly discernible.

The court seems to have thought the case was not ripe for such a determination; that the evidence adducible on the subject has not been exhausted, and that opportunity ought to be given for a full investigation by the commissioner, who might, as appellant's counsel now insists is necessary, take into view all the surrounding circumstances.

Had it been designed to settle the question in advance of inquiry by the commissioner, the decree would not have contemplated the reception by the commissioner of further proofs for his consideration, and proofs, too, which might upon a view not excluded by any decision, wholly vary the case.

The interlocutory decree did not decide the matter wrongly, because it did not decide it at all.

The subject was submitted to the commissioner, and it remained at large up to his finding of what matters were covered and pointing them out by his report.

When this was done, the court had before it a finding upon the matter in dispute, and a finding destined by law to stand as the judgment of the court if not opposed, and it was not opposed. Not having opposed the report in the court below, the appellant is deemed to have acquiesced, and the matter is not open to him for the first time here. The case is within the principles stated in the authorities quoted from, and particularly *Kinsman v. Parkhurst,* supra.

The decree should be affirmed with costs.

The other Justices concurred.