## PROVIDENCE COUNTY.

———◆———

BENJAMIN T. CHEDEL *vs.* GARDNER P. MILLARD *et als.*

A. purchased at a sheriff's execution sale B.'s equity of redemption in certain realty, subject to a mortgage given by B. to C. B. was also tenant of the realty under a lease from C., the mortgagee. A., unable to get possession of the realty, filed a bill in equity to compel C. to transfer to him the mortgage on receiving the amount of the debt secured by it. To this bill C. demurred.
*Held*, that the bill could not be sustained.
B., who was a party respondent to A.'s bill, inserted in his answer certain statements whose sole object was to reopen controversies already settled by a judgment obtained by A. against B.
*Held*, that these statements should be stricken out of B.'s answer.

BILL IN EQUITY to remove a cloud upon title, to cancel a lease, and to obtain the assignment of a mortgage. On demurrer to the bill and on exceptions to the answer.

*November* 26, 1881. DURFEE, C. J. This suit is brought against Gardner P. Millard, Henry W. Millard, and Enoch Steere. The case alleged against Steere is this: April 28, 1871, G. P. Millard, being then the owner of twelve acres of land in Gloucester, mortgaged it to Steere, to secure his promissory note given to Steere for $350, payable with semi-annual interest in five years. February 9, 1872, G. P. Millard and one Kinnecom gave their promissory note for $1,000, payable to the complainant in one year, which note they failed to pay when due. In 1881 the

complainant recovered judgment against G. P. Millard on this note, in an action commenced by attachment of the mortgaged estate, November 10, 1880. At the sheriff's sale under this judgment, all the right, title, and interest which G. P. Millard had in the mortgaged estate November 10, 1880, were sold and conveyed to the complainant. The complainant thereupon commenced a special court action against G. P. Millard, who was still in possession of the mortgaged estate, for recovery thereof, and found that he could not maintain the action because G. P. Millard had previously got from the mortgagee a lease 'of the estate for five years. The complainant then went to Steere with an offer to pay him the amount due on the mortgage note for an assignment of the mortgage, tendering him the money for his acceptance, and the form of an assignment for execution, but Steere refused the offer. It is not alleged that the complainant ever offered to redeem the mortgage and have it discharged, nor does he now make the offer, but on the contrary prays that Steere may be decreed to assign the mortgage to him on his paying the amount secured by it, and that the lease given by Steere to G. P. Millard may be annulled as given in fraud of his rights. Steere demurs to the bill.

The question raised by the demurrer is whether the complainant is entitled to have the mortgage assigned to him on paying the mortgage. We think not. The complainant has no right whatever unless he acquired the equity of redemption by purchase at the sheriff's sale; and if he then acquired the equity of redemption, he stands simply in the place of the mortgagor, and is only entitled to redeem and have the mortgage discharged on payment of the mortgage debt. To entitle a party to an assignment there must be some equitable reason for it, and none is disclosed by the bill. *Lamb* v. *Montague*, 112 Mass. 352; *Butler* v. *Taylor*, 5 Gray, 455; *Ellsworth* v. *Lockwood*, 42 N. Y. 89; *Bigelow* v. *Cassedy*, 26 N. J. Eq. 557. It is true the bill alleges that Steere, in giving the five years' lease, acted fraudulently and in conspiracy with G. P. Millard, but the allegation amounts to nothing, for he had a right to give the lease, which, being dependent on the mortgagee's estate, will of course expire with it, and therefore cannot hurt the complainant. The demurrer is sustained.

The exceptions to the answer of G. P. Millard are allowed. The passages excepted to can have no other object than to reopen controversies in regard to the $1,000 note, which were concluded by the judgment thereon. *Order accordingly.*

*Bosworth & Champlin*, for complainant.

*Ziba O. Slocum & Simon S. Lapham*, for respondents.

NOTE. — The bill in the foregoing suit alleged other reasons for equitable relief against other respondents. It was heard on the demurrer of Steere, and on the complainant's exceptions to the answer of Gardner P. Millard. The other matters involved were not presented to the court at this hearing.