GEORGE R. HILLIER & another *vs.* MURTAGH FARRELL
& another.

Middlesex.    December 16, 1903. — April 2, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Equity Pleading and Practice,* Master's report. *Rules of Court.*

Chancery Rules 31 and 32 of the Supreme Judicial Court are in force in equity
causes in the Superior Court, and exceptions to a master's report must be taken
in the manner there directed.

This court cannot revise the findings of a master unless exceptions have been taken
to his report.

LATHROP, J.    This is a bill in equity filed in the Superior
Court to have the defendants restrained by injunction from pro-
ceeding with the erection of a building within eighteen feet of
Belmont Street, contrary to certain restrictions contained in a
deed.    The case was referred to a master, who found that this
lot and others were sold pursuant to a general scheme or plan.
It appears from the master's report that the case was heard on
agreed facts and oral evidence, and that the defendants objected
to the admission of certain portions of the oral evidence.

On the filing of the master's report, no objections or exceptions
were taken.    The judge of the Superior Court who heard the
case reserved it for our consideration upon the pleadings, the
master's report, and the agreed statement of facts.

No regard appears to have been paid to Chancery Rules 31
and 32 of this court, which by force of law apply to the Superior
Court as well as to this court.    Rule 31 requires the master to
prepare a draft report and to notify the counsel, who may suggest
such alterations thereof as they may think proper.    The master
then settles the draft report and again notifies the counsel.    If
either party is not satisfied, he is allowed five days for bringing
in written objections, and these are to be appended to the report.
No exception is to be allowed to the master's report, without a
special order of the court, unless founded upon an objection made
before the master and shown by his report.    The thirty-second
rule relates to the filing of the exceptions and setting them down

for argument, and further provides: " In every case, the exceptions shall briefly and clearly specify the matter excepted to, and the cause thereof; and the exceptions shall not be valid as to any matter not so specified."

If the master filed his report without giving the defendants an opportunity to file objections to it, their remedy was to move to recommit it. *Lamson* v. *Drake,* 105 Mass. 564.

The defendants have argued questions of evidence before us founded upon objections taken when the evidence was admitted; but as they filed no written objections or exceptions to the master's report, these questions are not open to them under the rules above referred to. Exceptions to a master's report are to be confined to objections disallowed or overruled by the master. *Copeland* v. *Crane,* 9 Pick. 73. If no exception is taken this court cannot revise the finding of a master. *Popple* v. *Day,* 123 Mass. 520. *Roosa* v. *Davis,* 175 Mass. 117. See also *Gray* v. *Chase,* 184 Mass. 444, 448.

We are also of opinion that, for the reasons given above, we are not called upon to revise the report of the master in other respects. If parties desire to have a master's report revised, they should comply with the rules of the court.

The only dispute between the parties was whether the restrictions imposed in the deed to the defendants were for the benefit of their grantor, or were imposed in pursuance of a general scheme upon this lot and other lots owned by the plaintiffs. On the findings of the master, the plaintiffs were entitled to an injunction.

*So ordered.*

*H. R. Skinner,* (*L. T. Macurdy* with him,) for the plaintiffs.
*J. E. Abbott,* for the defendants.