JOSEPH BUDRIS & others *vs.* NEW AMSTERDAM CASUALTY COMPANY & another.

Norfolk.    December 4, 1934. — September 12, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Master: report, findings, recommittal.

Failure by a master, after settlement of his report, to furnish parties with copies of changes in the draft report and to allow them ten days in which to bring in objections, as required by Rule 90 of the Superior Court (1932), was cured by his compliance with the rule upon recommittal for that purpose only.

In a suit in equity to establish liability under an indemnity bond, a master's assessment of damages of a kind plainly required by the terms of the bond was a finding of fact, not a conclusion of law; and a statement by him in his report that certain facts had been stipulated at the hearings before him was a finding of such facts.

CONTRACT. Writ in the District Court of Northern Norfolk dated February 2, 1933.

Upon removal to the Superior Court, the action was amended into a suit in equity. Further proceedings are described in the opinion. The decrees were entered by *Williams*, J.

*F. A. Pierce*, (*J. F. Thistle* with him,) for the defendants.

*M. J. Dray*, for the plaintiffs.

RUGG, C.J. This is a suit in equity whereby the plaintiffs seek to establish and enforce the liability of the defendant Coulton for the breach of three different contracts made by him for the moving of houses, and to establish and enforce the liability of the New Amsterdam Casualty Company as surety upon a bond, executed by Coulton as principal, running to the plaintiffs, guaranteeing that Coulton would perform the work required of him under the contracts. No objection is now raised as to the joinder of the plaintiffs, the execution of the several contracts by Coulton or his failure to perform the same, or the execution of the bond by the principal and surety. The case was referred to a master under a rule which required him to hear the parties, find the facts and report his findings to the court together with such questions of law as any party might request, and which provided that his findings of fact should be final. The master on January 20, 1934, filed a comprehensive report which recited that copies of the draft report were submitted to counsel and a hearing was held thereon on January 19, 1934. The defendants on February 1, 1934, filed a motion to recommit the report to the master on the ground that it was not in compliance with Rule 90 of the Superior Court (1932) to the effect that a master after a hearing upon a draft copy of his report shall finally settle the draft of his report, give notice to the parties and furnish them with copies of the report so far as it differs from the draft copy, "whereupon ten days shall be allowed for bringing in written objections thereto." On the same date they filed another motion to recommit the report to the master for further hearing of evidence and for the report of evidence. On February 6, 1934, an interlocutory decree was entered as of January 20, 1934, extending the time for completion of the hearings before the

master and for filing of the master's report until April 2,
1934. On April 2, 1934, the master filed a supplemental
report reciting that copies of his report as theretofore filed
were furnished counsel on March 21, 1934, and that objec-
tions of the defendants seasonably filed were appended to
the supplemental report. It also stated that written re-
quests were made by the defendants that a brief, accurate
and fair summary of so much of the evidence as shall be
necessary for the court to determine the questions of law
raised by their objections 1 and 2 be appended to the re-
port. The report then states: "I am unable to comply
with the request of counsel to report a summary of the
evidence referred to, for the reason that at the beginning
of the hearings, it was agreed by counsel, that due notice
of the defaults of the respondent, Coulton, under the con-
tracts with the several petitioners, had been given the re-
spondent, New Amsterdam Casualty Co., in accordance
with the terms of the bond, and that the bond applied or
referred to the contract mentioned in the petitioners' bill
of complaint, and was given to protect said petitioners
against any default in the performance of said contracts.
The bond, a copy of which appears in the bill of complaint,
was offered in evidence."

Objection 1 was to the effect that the finding that Coul-
ton and the New Amsterdam Casualty Company executed
a bond whereby they became obligated to indemnify the
plaintiffs against loss or damage resulting from the failure
of Coulton faithfully to perform the contracts or the addi-
tions indorsed thereon was a conclusion of law; and ob-
jection 2 was to the effect that the finding that, inasmuch
as the New Amsterdam Casualty Company was obligated
by its bond to pay $1,500 to the plaintiffs and the total
damages sustained by them were $2,053, the payment to
each should be a stated sum, the several sums aggregating
$1,500, was a conclusion of law. Each of the defendants
thereupon filed a motion to recommit the master's report
with instructions to report the evidence as to the findings
described in objections 1 and 2 and to annex copy of the
bond to the report. The New Amsterdam Casualty Com-

pany also filed a motion that the court rehear the evidence as to its liability on the bond and the compliance by the plaintiffs with conditions precedent therein stated.

On June 13, 1934, each of these several motions including those filed on February 1, 1934, was denied and an order for final decree entered. On June 19, 1934, an interlocutory decree was entered overruling the objections to the master's report and confirming that report, and also a final decree granting relief to the plaintiffs against both defendants. Each defendant appealed from both these decrees.

The error of the master in failing to comply with Rule 90 of the Superior Court (1932) in the respects stated was not fatal to his report in its entirety and was cured by the interlocutory decree entered on February 6, 1934, as of January 20, 1934. That decree placed the matter before the master anew unaffected by his previous error. That decree was a recognition of the binding force of the rule and not an attempt to abrogate or dispense with it. It was in compliance with the principle declared in *Carp* v. *Kaplan*, 251 Mass. 225, 228, and *Kaufman* v. *Buckley*, 285 Mass. 83, 86. It enabled the master to correct his earlier mistake and to comply with the rule. There is nothing inconsistent with this conclusion in cases like *Hillier* v. *Farrell*, 185 Mass. 434, 435, and *Lamson* v. *Drake*, 105 Mass. 564, which point out that the remedy of an aggrieved party in these circumstances is to file a motion to recommit. Those cases do not hold that the report must be recommitted as matter of strict right. The decision in *Murphy* v. *Moore*, 228 Mass. 565, is irrelevant to the present case. Every right of the defendants was preserved by the interlocutory decree, and the annoyance and expense of further full hearings incident to granting the motions of February 1, 1934, were avoided.

The objections filed by the defendants with the supplementary report are without merit. The finding that the defendants became obligated by the bond to indemnify the plaintiffs against loss resulting from the failure of Coulton to perform his contracts was a mere statement of the in-

dubitable force of the bond. A copy of the bond was an-nexed to the bill of complaint and the execution of the bond was admitted in the answer of the defendants. Moreover the agreement of counsel reported by the master covered this point in substance. The statement of the amount of damages caused to each plaintiff and the proportion thereof which the New Amsterdam Casualty Company should pay was not a ruling of law but a calculation. Both came within the scope of the functions of the master and were not objectionable as rulings of law. *Haskell* v. *Merrill*, 179 Mass. 120.

There is no lack of subsidiary findings to support the main findings to which objection is made. This is too plain to require discussion. The findings cover item by item in great detail the defaults of Coulton in the performance of his contracts.

The statement of the master already quoted at length as to the agreement of counsel which dispensed with proof of compliance with the conditions of the bond as to notice of defaults is positive and unequivocal. Such a categorical finding, which was within the province of the master, would not ordinarily be overcome by affidavits. There was no error in the failure to sustain objection 4 of the defendants to the master's report.

There is nothing on the face of the report which required its recommittal. The motions were all addressed to the discretion of the trial judge, in view of the interlocutory decree of February 6, 1934, entered as of January 20, 1934, and there is no indication that the denial of the motions was not a wise exercise of discretion. *Cook* v. *Scheffreen*, 215 Mass. 444, 447, 448. *Smith* v. *Lloyd*, 224 Mass. 173, 175. *Baush Machine Tool Co.* v. *Hill*, 231 Mass. 30, 41. *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102, 105.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*