MAURICE B. LYNCH vs. NEWBURYPORT FIVE CENTS SAVINGS BANK.

Suffolk. November 6, 1935. — January 2, 1936.

Present: CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Mortgage*, Of real estate: redemption.

Under G. L. (Ter. Ed.) c. 244, § 19, no suit lies by a mortgagor of real estate in default to enjoin foreclosure of the mortgage and to redeem the premises, in the absence of a tender of or an offer to pay the entire amount then due.

BILL IN EQUITY, filed in the Superior Court on October 19, 1934.

The suit was heard by *Weed*, J., by whose order a 'final decree was entered dismissing the bill. The plaintiff appealed and also alleged exceptions.

*M. B. Lynch, pro se.*

*P. I. Lawton*, for the defendant.

CROSBY, J. This is a suit in equity commenced on October 19, 1934, in which the plaintiff, as owner of an undivided half interest in three parcels of real estate described in the bill, seeks to enjoin the defendant from proceeding with the foreclosure of three mortgages on the properties. The plaintiff also asks that an accounting be taken relative thereto, and that the defendant be ordered to release possession of said real estate on the plaintiff paying "what the court judges proper on the interest and discharging the 1933 taxes." The three mortgages are on properties situated on Kensington and Bainbridge streets in that part of Boston known as Roxbury, in the principal sums of $5,500, $6,000 and $6,000 respectively, which were given by Sarah Goldman and others, each being dated October 17, 1910, and payable in three years from date.

The case was heard by a judge of the Superior Court. At the close of the evidence the plaintiff requested the judge to make twenty-five rulings. A final decree was entered on April 4, 1935, dismissing the bill. The plaintiff duly claimed an exception to the refusal to grant his requests. The plaintiff's exceptions were filed April 23, 1935, and were allowed May 27, 1935. On April 9, 1935, the plaintiff filed a request that a report of the material facts found by the judge be made. The judge found the following facts: The plaintiff is a lawyer. In 1914 he became the owner of an undivided third interest in the properties here in issue, subject to three mortgages held by the defendant. The mortgages are overdue. In 1923 the plaintiff's interest in the properties was increased to an undivided half. He looked after the property, collected the rents, paid the mortgage interest, made payments from time to time on account of principal, and also paid taxes, insurance and other expenses of maintaining the property. For the past two or more years the rents have been insufficient to pay interest and taxes.

No payments on principal have been made for ten or twelve years. The mortgages have been reduced, however, to approximately $12,000. The plaintiff believed there was a substantial equity, if he could carry the properties into more prosperous times. In the summer of 1934 the defendant became urgent that the arrears in taxes and interest be taken care of. Correspondence between the plaintiff and the president of the defendant followed, as well as one or two interviews. The taxes for 1932 were paid by the plaintiff on August 1, 1934. On September 27, 1934, the defendant entered upon the mortgaged premises for the purpose of foreclosing its mortgages and proceeded to collect the rents. The plaintiff was then in a position to pay the 1933 taxes and to make a payment on account of interest on the mortgages, and so notified the defendant. They could not agree on terms. The defendant had begun to advertise foreclosure sales, and this suit was brought on October 19, 1934. On October 26, 1934, upon the return of an order of notice it was decreed that upon payment of $1,500 by the plaintiff to the defendant "on or before high noon October 30, 1934," an injunction was to issue under the first prayer of the bill, the defendant was to surrender possession of the premises and the case was to stand continued to the first Monday of February. The payment of $1,500 was made by the plaintiff on or before "high noon" on October 30. "This was sufficient to pay the interest on 53 Bainbridge Street to September 15, 1934, and on 51 Bainbridge and 2 Kensington Streets to October 1, 1934. The 1933 taxes remain unpaid, and 1934 taxes have fallen due. The plaintiff claims that there is an error in the 1933 assessment. The plaintiff is not prepared to make any payment on account of principal, and made no offer to do so in his bill or at the trial. There are some unpaid water bills." At the trial the defendant contended that the houses were in need of repairs of such a character and extent that failure to make them amounts to waste. This was denied by the plaintiff. The judge further found that this claim appears to have been urged for the first time at the trial; that the condition alleged to exist must have existed when the $1,500 was paid and no provision was made

for such repairs in the arrangement then considered. He states that he disregarded this matter in disposing of the case. He further found upon all the evidence that the defendant made no agreement for the extension of the mortgages or any of them, that it was not estopped by its conduct or words from asserting its rights under the powers of sale contained in the mortgages and that the plaintiff made no offer to redeem in the bill or at the trial.

The trial was concluded on or about March 5, 1935, and the plaintiff was given further time to arrange if possible to save his property. It appearing that he had been unable to do so, a final decree was entered April 4, 1935.

An examination of the plaintiff's requests for rulings makes it plain that none of them properly could have been given. There is nothing in the record or in the findings of the trial judge to show that the plaintiff has offered to pay or has tendered to the defendant the amount due on the mortgages held by it to entitle the plaintiff to redeem as required by G. L. (Ter. Ed.) c. 244, § 19. Manifestly the plaintiff is not entitled to redeem without tendering or offering to pay the amount due upon the mortgages. *Mann* v. *Richardson*, 21 Pick. 355, 360. *Lamb* v. *Montague*, 112 Mass. 352, 353. *Adams* v. *Brown*, 7 Cush. 220, 223.

> *Exceptions overruled.*
> *Decree affirmed with costs.*