## MAURICE O'CONNELL *vs.* JASPER KELLY.

As between the owner of an equity of redemption in land and a second mortgagee who has sold under a power of sale contained in his mortgage deed, parol evidence is admissible to show that the amount of the consideration named in the deed to the purchaser includes the amount due upon the prior mortgage, which the purchaser was to assume, and that the difference between these sums was the amount the mortgagee in fact received.

CONTRACT for $1350, money had and received by the defendant to the plaintiff's use, being the amount received by the defendant beyond what was necessary to satisfy his mortgage, upon a sale under a power contained in a mortgage deed of land of which the plaintiff owned the equity of redemption.

At the trial in the Superior Court, before *Wilkinson,* J., without a jury, the following facts were admitted: June 25, 1868, the premises were conveyed to one Alexander, subject to a mortgage to one Whitney, to secure the payment of $1000 with interest. September 10, 1869, Alexander mortgaged the premises to one Brookings, to secure the payment of $500 with interest. This mortgage contained a power to sell the premises in case of default, the mortgagee to retain out of the money arising from the sales all sums secured by the deed, with costs and expenses, "paying the surplus, if any, to the said grantor or his assigns." In August, 1871, the defendant, being the assignee of this mortgage, sold the premises under the power, and delivered a deed to the purchaser. In the deed the consideration was expressed to be $1850. The affidavit of the defendant, annexed to the deed

setting forth his proceedings under the power, also stated that the premises were sold for $1850, "which amount was bid by" the purchaser, "and was the highest bid made therefor at said auction; and I have this day, in pursuance of said power contained in said mortgage, delivered to said" purchaser "the foregoing deed of said mortgaged premises." The plaintiff was the owner of the equity of redemption.

The defendant then offered to prove by parol evidence "that at the said foreclosure sale by auction, it was stated and understood that said premises were subject to said first mortgage of $1000, and were to be sold subject to the same; but as the amount then due thereon was not known, and certain taxes of unknown amount were unpaid on said estate, in order to fix the price to be paid to the defendant for said sale, the estate should be bid for at its value, irrespective of the existence of said first mortgage, which said mortgage, as was agreed with the holder thereof, might be paid off by the purchaser or permitted to remain at his election, payment of which mortgage should be assumed by the purchaser as part consideration of the purchase; but that the amount to be paid to the defendant, by the purchaser of his interest in the premises at said sale, should be the difference (subsequently to be ascertained) between the amount due on said first mortgage, and for said taxes, and the amount so bid by the highest bidder; and said difference, afterwards ascertained, proved to be less than the amount due to the defendant under his mortgage, and did not satisfy in full his mortgage claims; and that the amount of said difference was all the consideration which was in fact paid by said purchaser to the defendant, and actually received by the defendant for said sale."

The judge excluded the evidence, and found for the plaintiff for $1374.11, a sum agreed upon by the parties. The defendant alleged exceptions.

*J. R. M. Squire*, for the defendant.

*A. Russ*, for the plaintiff.

WELLS, J. The principle of estoppel does not apply between these parties. If it did, the evidence offered by the defendant was not in contradiction of his deed or of his affidavit. Neither

of those recites that the $1850 was received for the right to redeem from the first mortgage, or for the premises subject to the first mortgage. The plaintiff's action is in affirmance of the proceedings of sale. The evidence offered and rejected was competent to show how much of the money received upon that sale ought in equity and good conscience to be paid over to the plaintiff, as having the right to redeem both mortgages. *Abby* v. *Fuller*, 8 Met. 36.                    *Exceptions sustained.*