### JOHN ALDEN *vs.* GEORGE H. WILKINS.

Norfolk.    Jan. 26. — Feb. 12, 1875.    AMES & ENDICOTT, JJ., absent

A mortgagee of land, subject to prior incumbrances, who has sold the land under a power of sale contained in the mortgage, is not estopped, by the recital in the affidavit of sale of the amount for which the sale was made, to show that the sale was in fact of the whole estate for a price less than the whole amount of the incumbrances; and if nothing has been received by him beyond the amount of the incumbrances, the mortgagor cannot maintain an action against him for money had and received.

CONTRACT for money had and received.    The declaration alleged that the defendant had received $500, from the sale by him of mortgaged real estate, of which the plaintiff had the equity of redemption, and that the defendant was bound to account to the plaintiff therefor.    Trial in the Superior Court, before *Pitman,* J., who, after verdict, reported the case to this court as follows :

The plaintiff derived his title to the equity of redemption from a sheriff's deed of the same to him as purchaser, at a sale thereof, under a levy of execution, in favor of the plaintiff, in a suit brought by him against Nathan A. Tolman, the owner of the fee.    It appeared that final judgment was rendered in this suit on October 19, 1871.    The officer's return of the levy of execution set forth that, on February 12 following, he took all the right in equity which Tolman had on September 7, 1871, the time when the same was attached on mesne process, of redeeming the real estate.    The defendant contended that such levy gave the plaintiff no title.

The plaintiff, besides evidence of his title, and of demand before suit, offered no other evidence, except the report of an auditor, in substance as follows :

" The plaintiff put in evidence the mortgage deed and note from Nathan A. Tolman to George H. Wilkins, dated February 1, 1872, upon certain real estate in Randolph ; also a deed of the

same real estate, without any covenants, and without reciting any incumbrances, purporting to have been given under and by virtue of a power of sale contained in the mortgage before named, by Tolman and Wilkins to John F. Kilton, in which was also an affidavit, signed by Wilkins, in the usual form required by law, reciting, among other things, that the premises were sold at public auction for the sum of $3500, to John F. Kilton ; also a mortgage deed from Tolman to Ebenezer Tucker, guardian, dated December 1, 1870, upon the same premises, given to secure $1900 at 8 per cent. ; also a deed of the premises from Kilton to Louisa F. Wilkins, dated January 11, 1873, covenanting that the premises are free from incumbrances made or suffered by the grantor.

" The defendant's attorney, John F. Kilton, was then sworn, and testified as a witness for the defendant, that as the attorney of George H. Wilkins, and for the purpose of foreclosing the mortgage from Tolman to Wilkins, dated February 1, 1872, he caused the estate to be advertised and sold at public auction. Against the objection of the plaintiff, I allowed the witness to testify as to the actual consideration paid and received at the sale. The witness testified that no money was paid to him as the attorney of Wilkins, nor did he pay any money as the purchaser at the sale in consideration thereof.

" Against the objection of the plaintiff, I allowed the witness to testify as to the terms of the sale, under the power contained in the mortgage, as stated at the time of the sale by the auctioneer. The witness testified that the auctioneer stated that the estate would be sold subject to the following incumbrances :

" 1. A mortgage from Tolman to Tucker for $1900,
amounting with interest to   .    .    o    .    $2204.00
" 2. The homestead of Tolman, amounting to   .    800.00
" 3. The mortgage under which sale was to take
place, amounting to $800, and interest, $52   852.00
" 4. Taxes unpaid   .    .    .    .    .    .   35.00

" The witness also testified that the auctioneer called for bids above the amount of these incumbrances and no bid was made; and thereupon the auctioneer called for the highest bid, and the witness thereupon bid $3500, at which price it was sold to him, but that he paid no money, as he has before testified. He further testified, on cross-examination, that George H. Wilkins was not

present at the sale; that he would not swear that any person was present at the sale but himself and the auctioneer; that no notice of the sale was given except that published in the newspaper; that the witness conveyed the estate to Mrs. Wilkins a few days after the sale; that she paid interest on the Tucker mortgage, that the witness received no money from Mrs. Wilkins in consideration of this sale and conveyance; that there was no talk of conveying to Mrs. Wilkins at the time of the sale at auction; that it was not conveyed to her on the day of sale; and that the expenses of sale have not been paid, and he cannot state the amount thereof.

" The defendant put in evidence a declaration of homestead in the premises signed by said Tolman, dated November 15, 1868, and recorded December 14, 1868, with Norfolk Deeds.

" I find, upon this evidence, that no money has been actually received or expended by the defendant under this sale."

The plaintiff renewed his objections to the testimony admitted by the auditor, as set forth in the report, but the judge overruled them. The defendant offered no evidence.

The judge ruled that the plaintiff could not maintain his action, and directed the jury to return a verdict for the defendant. If there is error in the ruling, the verdict is to be set aside, and a new trial granted.

*W. E. Jewell*, for the plaintiff.

*J. F. Kilton*, for the defendant.

WELLS, J. The evidence reported by the auditor tended to show that the sale under the power was voidable, so that the owner of the equity might disregard the attempted foreclosure and redeem the premises from the mortgage. But a recovery of the surplus of the proceeds, as money had and received, would imply an affirmation of the sale.

The mortgagee would undoubtedly be held accountable for the full amount of the consideration of the sale, if he perfected it by a conveyance, whether he actually received it or not. But the purchase money may properly be applied to the extinguishment of incumbrances in accordance with the terms of the sale. *Abby* v. *Fuller*, 8 Met. 36.

The incumbrances upon this property, including the defendant's mortgage and the homestead right, were of greater amount than the whole price for which the sale was made. These were

all specified as such in the statement of terms upon which it was first offered by the auctioneer. Failing to obtain any bid above their whole amount, he accepted the highest bid offered for the property, that is, for the whole estate, which was less than the amount of the incumbrances. This the mortgagee might accept, if willing to submit to the deficiency. Whatever other objection the plaintiff might make to the proceeding, he shows no money had and received to his use by the defendant. We do not pass upon the validity of the plaintiff's title.

*Judgment on the verdict.*