JOSHUA CRANSON *vs.* JOHN OCKINGTON.

Franklin.    September 22. — 25, 1875.    AMES & DEVENS, JJ., absent.

In an action for money had and received there was evidence that the plaintiff had a mortgage upon some tobacco of a third person, and that the defendant had a prior mortgage upon the tobacco and also upon a wagon; that the mortgagor wrote to the plaintiff that he could have the wagon and the tobacco, which he could sell and take the money, letting the defendant have the wagon and sell it; that immediately upon the receipt of the letter the plaintiff communicated its contents to the defendant but did not otherwise authorize him to sell the mortgaged goods; that the tobacco and the wagon were in the mortgagor's possession, but very soon after the defendant was informed of the contents of the letter, he took possession of the wagon and tobacco, and told the plaintiff that he sold them for enough to pay both mortgage debts. Demand was made for the amount of the plaintiff's debt, upon which nothing was paid, and it did not appear that the defendant had any other authority than that above stated for selling the tobacco and wagon, or that he agreed to account to the plaintiff for their sale. *Held*, that, upon this evidence, the jury would be warranted in finding that the defendant sold the property and received the proceeds in pursuance of the authority contained in the letter; and that there was sufficient evidence of privity between the parties, and of an implied promise on the part of the defendant to pay the proceeds of the sale to the plaintiff, after paying his own debt.

CONTRACT for money had and received. The declaration also contained a count alleging that the plaintiff took a mortgage from Ashur P. Freeman of a lot of tobacco to secure a promissory note signed by Freeman for the sum of $200; that, at the time the plaintiff took the mortgage, the defendant had also a mortgage of the same tobacco and of a wagon to secure the sum of $100 or thereabouts, the amount of the purchase money which Freeman had agreed to pay to the defendant for the wagon; that afterwards it was agreed by the plaintiff and Freeman that the defendant should sell both the wagon and tobacco and out of the money received from such sale retain enough to pay him for the wagon, and pay the balance to the plaintiff; that in pursuance of the agreement the defendant sold the wagon and the tobacco for enough to pay him for the wagon and a surplus of $100, and that the plaintiff demanded the said surplus of the defendant who neglected and refused to pay the same or any part thereof.

The answer admitted that the defendant took from Freeman a mortgage upon a lot of tobacco and also a wagon, but

averred that the mortgage was given to secure the payment of Freeman's note for $185 ; admitted that by an arrangement or understanding between the defendant and Freeman the defendant was to sell and did sell the tobacco, but denied that he had sold the wagon; or that the tobacco sold for enough to pay the amount due on the note, or that the defendant had received $100 or any sum to the use of the plaintiff, and contained a general denial of all the allegations of the declaration not admitted in the answer. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff put in evidence a mortgage from Freeman to him, dated November 27, 1872, of a quantity of tobacco, the condition being the payment of $200 and interest. He also put in evidence a letter from Freeman to him, dated February 17, 1873, containing the following sentence: " You may have the wagon that I had of Mr. Ockington, and the tobacco, the wagon will pay for itself, and you can take it and the tobacco ; you can sell the tobacco and get the money for that, and you can let Mr. Ockington have the wagon and he can sell that, and I will pay him the interest on it from the time I got it, up to the time you or he takes it away."

The plaintiff testified that immediately upon the receipt of the letter he communicated the contents thereof to the defendant, but in no other way authorized him to sell the tobacco described in the mortgage; that said tobacco and the wagon were in the possession of Freeman, but that, very soon after he had communicated to the defendant the contents of the letter, the defendant took possession of the wagon and tobacco, and, as the defendant told him, sold both the tobacco and wagon for enough to pay the defendant what was due to him and leave a surplus of $100 in his hands, and that the tobacco sold for about $100. This amount the plaintiff then demanded of the defendant, which he refused to pay, and this action was then begun. Nothing had been paid upon the plaintiff's mortgage debt, and it did not appear that the defendant had any authority to sell said wagon and tobacco, save as appears from the foregoing statement. There was no evidence, except as hereinbefore stated, of any agreement to account to the plaintiff for the sale of either the tobacco or wagon.

Upon this evidence the judge ruled tl at the action could not be maintained, and directed the jury to return a verdict for the defendant ; and the plaintiff alleged exceptions.

*S. T. Field,* for the plaintiff.

*A. De Wolf,* for the defendant. 1. The sale of the tobacco by the defendant with the knowledge and assent of all parties in interest was in effect a foreclosure of his mortgage, and the plaintiff ceased to have any rights in the property. Whatever interest he had in the first instance was subject to the defendant's prior mortgage. *Landon* v. *Emmons,* 97 Mass. 37.

2. The defendant never agreed to account to the plaintiff for the sale of the wagon or tobacco. He has no funds in his hands which in equity and good conscience belong to the plaintiff.

WELLS, J. The evidence would have warranted the jury in finding that the defendant sold the property and received the proceeds in pursuance of the authority contained in the letter from Freeman, the mortgagor, to the plaintiff. He had no right to sell it otherwise, because he had not foreclosed his mortgage. If he sold it by reason of that letter, shown to him by the plaintiff, the jury might find that he recognized and acquiesced in the plaintiff's right to take the proceeds, subject to the payment of his own mortgage debt. The plaintiff, by virtue of that letter and his own mortgage, had a sufficient interest in and right to the proceeds to maintain the action ; and the circumstances were sufficient to show privity between the plaintiff and defendant, and an implied promise to account for and pay over the proceeds of the property when sold. The direction to the jury to return a verdict for the defendant was therefore erroneous.

*Exceptions sustained.*

