ELIZA MORTON & another, administrators, *vs.* HANNAH S. HALL, executrix.

Hampden. Sept. 27. — Oct. 22, 1875. AMES & DEVENS, JJ., absent.

A mortgage of land, described by metes and bounds, contained a covenant that the "granted premises" were free from incumbrance except a prior mortgage to A., and a power, in case of breach of condition, to sell and dispose of the "granted premises" by public auction, and out of the money arising from such sale to retain all sums secured by the mortgage, together with interest, and all costs and expenses, paying the surplus, if any, to the grantor or his assigns. Upon breach of the condition of the mortgage, the mortgagee sold the premises by public auction. The notice of sale contained the same description as the mortgage. The affidavit of sale stated that the premises conveyed by said mortgage were sold by A., a duly licensed auctioneer, to a person named, he being the highest bidder, for a certain sum. This sum was more than enough to pay the note and the expenses of sale; but the mortgagee first applied it to the payment of the prior mortgage of A., and, the amount remaining being insufficient to satisfy his claim, brought an action upon the note against the indorser thereof. *Held,* that the judge, who tried the case without a jury, was warranted in finding, as matter of fact, that by the understanding and agreement of the first and second mortgagees and the purchaser, the whole estate, and not simply the right of redeeming the land from the first mortgage, were sold; and in ruling, as matter of law, that the prior mortgage was to be first paid out of the proceeds, and that the indorser was liable upon the note for the balance due the second mortgagee.

CONTRACT by the administrators of the estate of Morris Morton against the executrix of John B. Hall, on a promissory note indorsed by the defendant's testator to the plaintiffs' intestate. Answer, payment. Trial in the Superior Court, before *Brigham,* C. J., without a jury, who allowed a bill of exceptions in substance as follows:

The note, when given, was secured by a mortgage, which conveyed "all that real estate situated in Barre, known as the Naquog House," and further described by metes and bounds, and contained a covenant that "the aforegranted premises" were

free from all incumbrances, "except a mortgage to P. H. Babbitt," and the other usual covenants, unrestricted, and a power in case of breach of condition "to sell and dispose of the granted premises" at public auction, "and out of the money arising from such sale, to retain all sums then secured by this deed, (whether then or thereafter payable,) together with interest, and all costs and expenses, including all sums paid by said grantees or their assigns, for insurance of the premises, paying the surplus, if any, to the said grantor or his assigns."

This mortgage was assigned to the plaintiffs' intestate when the note was indorsed. The plaintiffs sold under the power contained in the mortgage. The notice of sale contained the same description as the mortgage. The affidavit, made and recorded by the plaintiffs after the sale, stated that they "sold the premises conveyed by said mortgage deed, at public auction, by P. H. Babbitt, a duly licensed auctioneer, to Henry J. Shattuck," for the sum of $3925, which was bid by him, and was "the highest bid therefor."

This amount exceeded the amount due on the note and the expenses of the sale by about $800.

The plaintiffs, against the objection of the defendant, were allowed to introduce testimony that they appropriated more than $1000 of the proceeds of the sale under the power to the payment of the debt secured by the prior mortgage to Babbitt, and applied only the remainder of the purchase money on the note in suit. The defendant contended, as matter of law, that she was entitled to have the proceeds of the sale, after payment of the expenses of sale, applied to payment of the mortgage note sued on, which application would have fully paid the note.

The judge ruled that the plaintiffs had a right, as against the defendant, to apply the proceeds of the sale, after payment of the expenses of the sale, first to payment of the debt secured by the prior mortgage, and that the balance only was applicable to the payment of the note sued on; and, on the foregoing facts and evidence, decided that the plaintiffs were entitled to recover $208.69, the amount claimed. The defendant alleged exceptions.

*A. L. Soule,* for the defendant. The mortgage given to secure the note in suit conveyed only the estate which the grantor had,

that is, the right to redeem the land described from the prior mortgage, or, as it is sometimes stated, the estate subject to mortgage. *White* v. *Whitney*, 3 Met. 81, 86. The "granted premises" which the power authorizes the sale of, are the estate which the mortgage containing the power conveyed. The affidavit shows that the proceeds of the sale under the power were sufficient to pay the mortgage note and expenses of the proceedings. The defendant was entitled, as representing the indorser, to have the proceeds of the sale under the power applied to payment of the debt. The power expressly provides that they should be applied to payment of this note and expenses, the surplus, if any, to be paid to the owner of the equity. The first mortgagee had no right to any part of the proceeds, and the application of them to payment of the debt secured by the first mortgage was unwarranted, and cannot affect the rights of the defendant. To sustain the ruling made, would be to say that the second mortgagee may sell the estate he has, and apply part of the proceeds to satisfaction of the prior mortgage, and so give the purchaser the absolute estate in the land, for the price of the equity, and hold the indorser of the second mortgage note, as indorser for both mortgage debts. The receipt of the proceeds by the plaintiff operated a payment of the note, and a discharge of the defendant. Evidence, therefore, of the appropriation of the proceeds, otherwise than in accordance with the terms of the power, was inadmissible, and the ruling of the court below was erroneous.

*G. D. Robinson*, for the plaintiffs.

GRAY, C. J. The judge who tried the case without a jury, and to whose decision on questions of fact no exception lies, was warranted in finding, as matter of fact, that by the understanding and agreement of all parties — the plaintiffs, holding the second mortgage, Babbitt, who held the first mortgage and acted as auctioneer at the sale, and the purchaser — the whole estate, and not merely the right of redeeming the land from the first mortgage, was put up, bid for, sold and conveyed; and, upon such finding, in ruling as matter of law that the mortgage to Babbitt was to be first paid out of the proceeds. *White* v. *Whitney*, 3 Met. 81, 86. *Abby* v. *Fuller*, 8 Met. 36. *Church* v. *Savage*, 7 Cush. 440. *Alden* v. *Wilkins*, 117 Mass. 216. *Exceptions overruled.*