GEORGE M. COOK & others *vs.* CHARLES K. BASLEY.

Suffolk.   November 21. — 26, 1877.   COLT & LORD, JJ., absent.

If a third mortgagee of land, which is subject also to a fourth mortgage, sells, under a power of sale contained in his mortgage, the entire title in the land, with the assent of the prior mortgagees, for a sum sufficient to pay off all the four mortgages, the fourth mortgagee can maintain an action against him for money had and received.

CONTRACT for money had and received.   At the trial in the Superior Court, before *Gardner*, J., the material facts appeared to be as follows :

Caleb C. Thomas, owning a lot of land, made two mortgages thereof to one Capen, a third mortgage to the defendant, and a fourth mortgage to the plaintiffs.   All the debts secured by the mortgages being overdue and unpaid, and Thomas still owning the equity of redemption, the defendant entered for breach of condition of his mortgage, and advertised and sold the premises, under the power of sale contained therein, for a sum sufficient to pay the costs and expenses of the sale, and the amounts due on all the four mortgages.   The defendant contended that the plaintiffs, as subsequent mortgagees, could not maintain this action, whatever other remedy they might have.   But the judge ruled that the action could be maintained, and, after a verdict for the plaintiffs for the amount due on their mortgage, reported the case for the determination of this court.

*D. B. Gove*, for the defendant.

*L. Mason*, for the plaintiffs.

GRAY, C. J.   Upon a sale under a power contained in a mortgage of real estate, the proceeds belong to those who owned the legal title before the sale ; and the mortgagee making the sale is bound, after deducting the amount of his own mortgage debt, with the costs and expenses of the sale, to pay the surplus remaining in his hands to the mortgagor or his assigns, according to their respective titles.   Where the rights claimed under the mortgagor, subject to the mortgage, have been acquired by attachment and execution against him, difficulties may arise as to the form of remedy.   But where those rights have been created by his conveyance, either absolute or in mortgage, the mort-

gagee making the sale, and holding a surplus in his hands, is liable to such assigns of the mortgagor, according to their respective interests, in the ordinary action for money had and received. *Buttrick* v. *Wentworth*, 6 Allen, 79. *Varnum* v. *Meserve*, 8 Allen, 158. *Gardner* v. *Barnes*, 106 Mass. 505. *Wiggin* v. *Heywood*, 118 Mass. 514. *Cranson* v. *Ockington*, 118 Mass. 409.

The fact that the defendant, instead of selling the title mortgaged to him, subject to prior mortgages, sold the entire title in the land, does not affect the case; because that course might lawfully be, and is assumed by the report and the argument to have been, taken with the assent of the prior mortgagees, and the report shows that the fund in the defendant's hands is sufficient to pay them also. *O' Connell* v. *Kelly*, 114 Mass. 97. *Alden* v. *Wilkins*, 117 Mass. 216. *Morton* v. *Hall*, 118 Mass. 511.

*Judgment on the verdict.*