WILLIAM ROCHE *vs.* HAMPDEN SAVINGS BANK.

Hampden.   Sept. 24, 1879. — Jan. 12, 1880.   ENDICOTT & LORD, JJ., absent.
SOULE, J., did not sit.

If two tenants in common of land mortgage it, and the mortgagee sells the land,
under a power of sale contained in the mortgage, for more than the mortgage
debt, and pays the surplus proceeds to one of the mortgagors, who has paid out,
in interest, insurance and taxes, not only his own part of these expenses, but,
on account of his cotenant, a sum greater than the latter's proportion of the
surplus proceeds, the mortgagee is not liable to an action for money had and
received by the other for his share of such proceeds.

CONTRACT for money had and received.   The case was sub-
mitted to the Superior Court, and, after judgment for the defend-
ant, to this court, on appeal, on an agreed statement of facts, the
substance of which appears in the opinion.

*J. M. Ross,* for the plaintiff.

*J. M. Stebbins,* for the defendant.

COLT, J.   The defendant sold land under a power of sale in
a mortgage to it from John Roche and the plaintiff.   By the
terms of the mortgage, what remained of the proceeds of the
sale, after paying the mortgage debt and all expenses, was to be
paid by the defendant to the mortgagors or their legal repre-
sentatives.   John Roche and the plaintiff were tenants in com-
mon, having an equal interest in the mortgaged premises.   The
money was borrowed for their joint benefit, and they were
equally bound to pay the debt with interest, and to pay the
taxes and insurance on the property.   John paid in interest,
taxes and insurance more than his share of the common bur-
den, and the plaintiff owed him for money so paid more than
his share of the surplus remaining in the hands of the defend-
ant after applying the proceeds of the sale to the payment of
the mortgage debt.   It is clear that, under these circumstances,
the defendant rightly paid the whole of the surplus to John.

When one of two tenants in common pays the mortgage of
both, he acquires a lien on his cotenant's share of the mortgaged
property, which he holds as security for the amount paid in
excess of his share of the mortgage debt.   *Sargent* v. *M'Farland,*
8 Pick. 500.   It is a settled principle of equity, that one who
assumes more than his share of the common burden is subrogated

to the rights of the mortgagee to hold without any assignment or act of transfer as quasi assignee for the purpose of compelling contribution. *Lamb* v. *Montague*, 112 Mass. 352.

At the time when the sale in this case was made, John Roche owned an undivided half of the premises subject to the mortgage to the defendant, and had a valid lien for advances upon the other half for more than it was worth subject to the mortgage. This is proved by the fact that one half of the surplus was not sufficient to pay those advances. The plaintiff was not equitably entitled to any part of the surplus. The whole belonged equitably to John, for the money takes the place of the land and is subject to the same equitable claims. In an action for money had and received, the defendant will be protected in its payment of the fund to the equitable owner. *O'Connell* v. *Kelly*, 114 Mass. 97. It has received no money which in equity and good conscience it ought to pay over to the plaintiff. In other words, John Roche had acquired an equitable lien for advances on the plaintiff's share of the land mortgaged, which was not worth and did not sell for enough to pay the mortgage and discharge that lien; so that the whole surplus, after paying the mortgage, belonged to John, as representing only his own interest in the land.　　　　　　　　　　　　　　　*Judgment affirmed.*