UNION INSTITUTION FOR SAVINGS *vs.* AMOS HILL.

Suffolk.   Jan. 21. — Feb. 28, 1885.   FIELD, DEVENS, & COLBURN, JJ.,
absent.

The mortgagee of a parcel of land took another mortgage covering the same parcel and also another parcel, on which last parcel there was no prior mortgage. Afterwards H., for a good consideration, promised in writing to pay the promissory note secured by the second mortgage, with a provision that the mortgagee should then assign said mortgage and note to him. The mortgagee gave notice of a sale, under a power in the second mortgage, stating that it would be subject to the prior mortgage; and both parcels were offered, and sold free from incumbrances for an entire price, and conveyed to the purchaser accordingly, without the assent of H. *Held,* that the mortgagee could not maintain an action against H. on his agreement to pay the mortgage note.

CONTRACT upon an agreement in writing by the defendant to pay a promissory note for $1300, given by one Bernard to the plaintiff, and secured by a mortgage of land in Somerville. Trial in the Superior Court, without a jury, before *Mason,* J., who ruled that the plaintiff could not recover, and found for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. C. Crowley & J. A. Maxwell,* for the plaintiff.
*A. H. Latham,* for the defendant.

C. ALLEN, J. The plaintiff, holding a mortgage on a lot of land described as lot 23, took another mortgage covering the same lot, and also a part of another lot described as lot 22, upon which last lot there was no prior mortgage. Afterwards, the defendant, for a good consideration, promised in writing to pay the note secured by the second mortgage, with a provision that the mortgagee should then assign said mortgage and note to him. He thus stood in the relation of surety, and for the protection of his interests the plaintiff was bound so to deal with the mortgage security as not to injure him. By the general and familiar rule, the defendant would be entitled, on paying the debt, to be subrogated to the security held by the plaintiff; and the plaintiff was bound to do nothing to defeat this right. *Worcester Savings Bank* v. *Thayer*, 136 Mass. 459, 462. The defendant's right was also somewhat increased by the special provision in his agreement, since otherwise he would not have been entitled to an assignment of the security. *Lamb* v. *Montague*, 112 Mass. 352. Under these circumstances, the plaintiff undertook to make a sale, under the power of sale contained in the second mortgage, and gave notice that the sale would be subject to the prior mortgage, which covered only lot 23; but, in making the sale, both lots were put up and sold free from incumbrances, for an entire price, and a conveyance of them was made to the purchaser accordingly, without any assent of the defendant.

It does not appear that the mortgagor has ever raised any objection to this mode of proceeding, and there is no occasion to consider what rights he may have, or might have had, in the premises. See *Donohue* v. *Chase*, 130 Mass. 137. At present, the title stands unchallenged. But, in consequence of the plaintiff's course, it is plain that it is now impossible to determine how much of the purchase money was for lot 22. For this lot, and for the equity of redemption in lot 23, the defendant was ready to pay the whole debt for which he was surety. To him, it must now be taken as established that the property was worth that sum. By taking the property and paying the sum necessary to cancel the debt, he would have been, in his own judgment, protected from loss. The plaintiff, by departing from the course which ought to have been pursued in making the sale, prevented

the defendant from doing this, and rendered it impossible for him to take the property in which alone he was interested, upon payment of the full sum which he was bound to pay, without also purchasing the fee in lot 23, with which he had no concern. The plaintiff had no right to subject the defendant to this necessity. The plaintiff's course cut the defendant off from exercising the right secured to him alike by plain principles of equity and by the express terms of his promise to pay.

Under this state of things the plaintiff cannot be heard to say that the property covered by the second mortgage was worth no more than the balance which has been applied upon the debt secured by that mortgage. The defendant cannot be called upon to go into that inquiry. He had expressly stipulated that, upon payment by him, the mortgagee should assign the mortgage and note to him, if he desired. He stood ready to pay the full debt, if necessary, for the property. If the property covered by the second mortgage had been put up for sale by itself, as it should have been, in case a sale was to be made, it would either have brought the full amount of the debt, or, if the defendant had become the purchaser at a less price, he would have been content, as well as compelled, to pay the balance of the debt. Looking at it in any aspect, he was deprived of the opportunity of doing what he wished to do, and had a right to do, for his own protection. It is but just that the plaintiff should bear the loss, if loss there is. *Hart* v. *Ten Eyck*, 2 Johns. Ch. 62, 108.

Independently of the stipulation in the agreement, we do not consider that this case falls strictly within the rule which might be applicable to a sale, under a second mortgage, of the entire fee, where the two mortgages covered only the same land. Under such circumstances, it was held in *Morton* v. *Hall*, 118 Mass. 511, that an indorser upon the note secured by the second mortgage was liable to the mortgagee for the balance found to be due upon the note, after applying the proceeds of the sale in the first place to extinguish the debt secured by the first mortgage, and the residue upon the note secured by the second mortgage. In commenting upon that case, it was said, in *Donohue* v. *Chase*, 130 Mass. 140, that " the defendant, being sued upon the note, did not undertake to treat the sale as wholly invalid, for then he would have had no defence to any part of

the note. Treating it as valid, the proceeds must be distributed according to the terms of the sale." It may be added, that *Morton* v. *Hall* appears to have been tried in the Superior Court solely upon the defence of payment, and as it appeared that the money received by the plaintiff was derived from a sale of the fee, as well as of the equity, it was held that the defendant had not established the defence. The question was not raised by the pleadings, and was not tried, and we may now assume could not have been presented on the facts as they were known to exist, whether the plaintiff had wrongfully and without the defendant's consent so dealt with a security, in which the defendant had possible rights by way of subrogation, as to injure the defendant, and thereby discharge him from liability in whole or in part.

In the present case, as has been seen, the second mortgage embraced an entirely separate lot of land from that covered by the first mortgage, and the trial proceeded on the ground that the defendant had been injured by the plaintiff's course of proceeding, and the answer suggests, if it does not fully state, this ground of defence; and no question of the sufficiency of the answer is before us. We do not think that the defendant was called on to take any steps to question the validity of the sale, under the existing circumstances. He did nothing to affirm it, or to lead the plaintiff to make the sale in the way it was made; and it has been repeatedly held that a surety may avail himself of a violation of his equitable right to subrogation, in defence to an action at law against him on his promise. *Guild* v. *Butler*, 127 Mass. 386, 390, and cases cited.

*Exceptions overruled.*