*H. J. Wells*, for Eugene D. Brooks.

*S. H. Tyng*, for Marietta P. and Malinda Brooks.

---

### ANNE KERSE *vs.* JOHN MILLER.

Suffolk. December 3, 4, 1896. — June 16, 1897.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Equity Practice — Mortgage — Right of Redemption — Decree.*

An appeal from a decree of the Superior Court sitting in equity, where the evidence is not reported, raises the question whether the decree corresponds to the allegations and prayers of the bill, and with the rules of law applicable thereto.

The life tenant of a portion of an estate covered by a mortgage may redeem his interest by paying his proportional part of the mortgage debt, if the mortgagee assents thereto.

If the life tenant of a portion of an estate covered by a mortgage redeems the entire estate, he is not subrogated to the rights of the mortgagee, but is entitled to possession of the whole estate until the amount paid by him above his proportional share has been repaid to him.

A decree upon a bill in equity to redeem land from a mortgage, which directs the delivery to the plaintiff of the mortgage and note, and requires the defendant to discharge the mortgage, is erroneous.

Upon an appeal from a decree in a suit in equity to redeem land from a mortgage, where the evidence is not reported, if the decree states that the taxes for certain years paid by the defendant on a day named were not allowed in the accounting, and the defendant's answer alleges that he took possession of the property under a deed to him of the equity of redemption, and not under the mortgage, enough does not appear to show that the decree is wrong in not allowing the taxes in the account.

BILL IN EQUITY, filed in the Superior Court December 16, 1895, to redeem land in Chelsea from a mortgage. A decree

was entered for the plaintiff; and the defendant appealed to this court. The facts appear in the opinion.

*A. E. Gage*, for the defendant.

*C. E. Washburn*, for the plaintiff.

LATHROP, J. This case comes before us on an appeal from a decree of the Superior Court sitting in equity. The only papers before us are the pleadings and the decree. The decree states that the cause came on to be heard upon evidence. The evidence is not reported, and the question is whether the decree corresponds to the allegations and prayers of the bill, and with the rules of law applicable thereto.

The facts as they appear in the bill are these. On April 13, 1866, Timothy Kerse mortgaged a parcel of land in Chelsea to the Chelsea Savings Bank. At the time the bill was brought, December 16, 1895, the plaintiff was a life tenant of four rooms in a dwelling-house on the premises, by virtue of a lease dated September 22, 1870. The defendant had when the bill was filed a threefold title; namely, a second mortgage on the entire estate, dated March 11, 1893, which in fact was subject to the plaintiff's lease, an assignment from the Savings Bank, dated August 21, 1894, of the first mortgage, and a deed of the equity of redemption, dated September 27, 1894.

On September 29, 1894, the defendant took possession of the premises, and received the rents and profits, and has continued so to receive them.

The defendant subsequently advertised the premises to be sold on December 16, 1895, under the power contained in the mortgage; and thereupon this bill was brought to redeem the first mortgage.

The first prayer of the bill is, "That an account may be taken of what is due to the defendant for principal and interest on the said mortgage." The second prayer is that an account may be taken of the rents and profits; and that what shall appear to be due to the plaintiff in taking the account from rents and profits be deducted from what shall appear to be due to the defendant for principal and interest. The third prayer of the bill is as follows: "That it may be decreed that upon the plaintiff paying to the defendant the sum, if any, which shall so be found due on the mortgage, the plaintiff shall

have possession of the premises, which were leased to her as aforesaid, to hold the same discharged of the said mortgage." The fourth prayer is for an injunction; and the fifth is for general relief.

The decree states that the plaintiff is entitled to redeem the mortgage, and to be subrogated to the rights of the defendant in said mortgage; that the plaintiff shall pay to the defendant, within thirty days from the date of the decree, the sum of $476.27, being the principal and interest on the mortgage note, and the expenses incurred in preparing for the sale under the mortgage, with interest until the payment; that upon such payment being made by the plaintiff to the defendant, the defendant shall deliver to the plaintiff the mortgage and note thereby secured, and, at the request of the plaintiff, shall execute and deliver to the plaintiff a formal discharge of said mortgage. At the end of the decree is the following: "Taxes for 1892, 1893, and 1894, amounting to $51.50, paid by the respondent on October 10, 1894, were not allowed in the accounting."

It is not contended that the plaintiff is not entitled to redeem, as she is the owner of a life estate in a portion of the entire estate covered by the mortgage; and one question is how much she is obliged to pay.

In *Gibson* v. *Crehore*, 5 Pick. 146, where a widow of a mortgagor, claiming a right of dower, sought to redeem from an assignee of the mortgagee, who was also the owner of the equity of redemption, the question was much considered; and it was held that, while it would be equitable to allow the plaintiff to redeem a third part of the mortgaged premises, by paying her equitable portion of the mortgage debt, according to the value of her right of dower as compared with the residue of the estate, this could not be done without infringing the defendant's rights as assignee of the mortgage; and that he had the right to insist upon the payment of the entire mortgage debt. The right of a plaintiff so redeeming was declared to be to hold the whole estate mortgaged until he should be reimbursed what he had been compelled to pay beyond his due proportion. A person so redeeming must also pay his proportion of the interest.

Subsequently, the defendant in *Gibson* v. *Crehore* elected to permit the plaintiff to redeem upon payment of her proportion

of the amount due on the mortgage; and the court allowed this course to be taken. There would seem to be no difficulty in allowing a bill to redeem by paying a proportional amount to be maintained by one owning a distinct interest, if no objection is made on this point. *Van Vronker* v. *Eastman*, 7 Met. 157.

We have some doubts whether the bill in this case can be considered as anything more than a bill to redeem the plaintiff's interest, inasmuch as the only possession asked for is that of the leased premises, whereas if she redeem the entire mortgage, she is entitled to possession of the entire estate until she has been repaid what she has been obliged to pay of the mortgage debt and interest above what equitably belongs to her to pay. But as the parties and the court below have treated the case as one to redeem the entire estate, and as the defendant may, if he sees fit, by proper proceedings allow the plaintiff to redeem by paying only her proportional share, as was done in *Gibson* v. *Crehore*, we proceed to consider the case on the theory on which it was tried.

The general principles stated in *Gibson* v. *Crehore*, which are applicable to the present case, have been approved and followed in several cases, and must now be considered the law of the Commonwealth. See *Brooks* v. *Harwood*, 8 Pick. 497; *Bacon* v. *Bowdoin*, 22 Pick. 401; *Chase* v. *Woodbury*, 6 Cush. 143; *Merritt* v. *Hosmer*, 11 Gray, 276; *Hurley* v. *Hurley*, 148 Mass. 444; *Barnes* v. *Boardman*, 152 Mass. 391, 393, 394.

The statement in the decree, that the plaintiff is to be subrogated to the rights of the defendant in the mortgage, is inaccurate. The plaintiff by redeeming the mortgage is entitled to possession of the portion of the estate in which she has a life tenancy, free from the encumbrance of the mortgage. She is also entitled to possession of the rest of the estate until the amount she has been obliged to pay over and above her proportional share has been repaid her by the rents and profits of the estate, or by the defendant in some other way.

Nor do we see any ground for that portion of the decree which directs the delivery to the plaintiff of the mortgage and note, and which requires the defendant to discharge the mortgage. The only authority cited by the plaintiff is the case of *Hamilton* v. *Dobbs*, 4 C. E. Green, 227. There the owner of

land mortgaged it, and then let it for a term of years. It was held that the tenant had a right to redeem, and was subrogated to the rights of the mortgagee, and had the right to have the bond and mortgage delivered to him uncancelled.

We are not aware that the case last cited has been followed in this Commonwealth. In *Lamb* v. *Montague,* 112 Mass. 352, a bill in equity was brought by a man and his wife to redeem a mortgage made by them. The plaintiffs had a homestead estate in the land mortgaged, and the wife had also an inchoate right of dower subject to the mortgage. The equity of redemption in the land had been conveyed by Lamb's assignee in bankruptcy to one Smith, who was made a party defendant, but the bill was afterwards discontinued as to him, and proceeded only against the assignee of the mortgage. It was held that the plaintiffs, while entitled to redeem, were not entitled to an assignment of the mortgage. This case has been followed in *Roche* v. *Hampden Savings Bank,* 128 Mass. 115, *King* v. *Nichols,* 138 Mass. 18, 22, and *Union Institution for Savings* v. *Hill,* 139 Mass. 47, 48.

If the plaintiff is not entitled to an assignment of the mortgage, we see no reason why she is entitled to the possession of the mortgage. As to the discharge of the mortgage, which is ordered by the decree, there is no prayer for this in the bill, and it is not in accordance with our practice to order a mortgage to be discharged. The rights of the plaintiff to hold her interest in the estate free and discharged from the mortgage can be amply secured to her by a decree in proper form. When the defendant repays to the plaintiff the amount which she will have to pay to redeem the mortgage, over and above her proportional share, the defendant may need the mortgage to protect his estate, if there is any infirmity in his title.

As to the taxes for the years 1892, 1893, and 1894, paid by the defendant on October 10, 1894, we are of opinion that enough does not appear to show that the decree is wrong in not allowing them in the account. By the Pub. Sts. c. 181, § 23, it is provided: " If the mortgagee or any person under him has had possession of the premises, . . . he shall be allowed . . . for all sums paid for lawful taxes and assessments," in case a bill to redeem is brought. But the defendant in this case claimed not

only under the mortgage, but also as owner of the equity of re-demption, and he states in his answer that he took possession of the property under the deed of Kerse to him (which is the deed conveying the equity of redemption), " and did not take possession of them under said mortgage." The judge may have found that the taxes were not paid by him as mortgagee. If so, they do not belong to the account, and the decree in this respect was right. If the taxes were levied on the entire estate, and the defendant has paid more than his share of them, he may perhaps have a claim against the tenant for life. But this must be settled in some other proceeding.

The result is that the decree of the Superior Court must be reversed, and the case remitted to that court for further proceedings. If both parties agree in that court that the plaintiff may redeem by paying only her proportional interest in the first mortgage, the value of the two interests can readily be ascertained in the manner pointed out in *Gibson* v. *Crehore, ubi supra,* and this probably will save the parties much future litigation. If they do not so agree, a decree is to be entered in conformity with this opinion.                                    *So ordered.*