MENDELL W. CRANE, trustee, vs. STILLMAN C. WHITE.

Middlesex. January 20, 1913. — September 12, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Mortgage*, Real estate: foreclosure. *Sale. Equity Jurisdiction*, For an accounting.

Where the published advertisement of a sale in foreclosure of a mortgage of real estate states that the terms and conditions of the sale will be announced at the time and place of the sale, and, at the sale and before the bidding, the auctioneer announces that the property will be "sold subject to interest," and the sale is conducted fairly and a price is obtained which is the reasonable value of the property under all the circumstances, the purchaser must be taken to have bought the property with an agreement on his part to pay the interest then due on the mortgage, so that the mortgagee, in accounting with the mortgagor or his successor in title for the proceeds of the sale, is not entitled to be credited with the amount due as interest on the mortgage at the time of the sale, although the mortgage states that out of the sum received at the sale the mortgagee may retain all sums then secured by the mortgage, "whether then or thereafter payable."

BILL IN EQUITY, filed in the Superior Court on August 12, 1909, by the trustee in bankruptcy of Henry A. LeBow, seeking an accounting by the defendant for sums received by him as mortgagee from the sale in foreclosure of two mortgages on separate parcels of land on Homestead Street in that part of Boston called Roxbury.

The case was referred to Frank M. Forbush, Esquire, as master.

The master refused to allow the defendant credit for certain sums due as interest on the mortgage notes at the time of the foreclosure sales. It appeared that each mortgage contained the usual provision that, out of money arising from a foreclosure sale, the mortgagee might retain all sums then secured by the mortgage, "whether then or thereafter payable, including all costs, charges and expenses incurred or sustained by them by reason of any default in the performance or observance of the" conditions of the mortgage. The published advertisement of each sale contained the statement, "Terms and conditions of sale announced at time and place of sale." At each sale the auctioneer announced that the property was "sold subject to interest, taxes and a dis-

puted claim for personal property" then on the premises. The item of interest, with other items, was on a piece of paper which the auctioneer handed to the person who, after receiving the paper, made the highest bid and purchased the property. The amount bid in each case included the principal amount of the mortgage, the interest alleged to be due, the cost of advertising and amounts stated on the auctioneer's paper to be fees for the auctioneer and the attorney for the mortgagee, which items made up the entire amount bid by the purchaser. The master found that the items for auctioneer's and attorney's services were somewhat too large, so that the price for which the property was sold slightly exceeded the aggregate of the face of the mortgages with expenses and interest as found by the master.

The case was heard on the master's report by *Richardson,* J., who ordered a final decree directing the defendant to pay to the plaintiff, among other sums, a sum equal to the amount of interest due on the mortgages at the time of the sale. From a decree so entered, the defendant appealed.

*C. W. Cushing & D. Powers,* for the defendant, submitted a brief.

*J. H. Blanchard,* for the plaintiff.

RUGG, C. J. The plaintiff is the trustee in bankruptcy of the owner of the equity of redemption in two parcels of real estate upon which the defendant held mortgages, and which he foreclosed. One of the terms of each foreclosure sale was stated to be that the property would be sold subject among other claims to the unpaid interest, the amount of which was announced. The property was purchased by the defendant, whose bid slightly exceeded the aggregate of the face of the mortgage and expenses and interest. The question is whether in this suit for an accounting the defendant is entitled to retain the unpaid interest out of the proceeds of the sale, or whether the plaintiff is entitled to the excess above the face of the mortgage and the expenses of foreclosure.

It must be assumed in the absence of any finding to the contrary that the foreclosure sale was conducted fairly and that the price bid was the reasonable value of the property under all the conditions. The announcement that the purchaser must take the property subject to a stated amount of unpaid interest must be presumed to have produced its natural effect upon prospective

bidders and the price at which finally it was struck off may be assumed to have been the fair price. Taken according to its terms that price meant that the purchaser was willing to give it and in addition pay the interest up to the amount stated, as well as the taxes and the other claims announced at the sale. The defendant having become the purchaser and being bound to exercise the utmost good faith in making the foreclosure sale, cannot with justice be heard to say that the terms of the sale did not mean what they were announced to be. It cannot be presumed in his favor under these circumstances that others present would not have been bidders upon a literal interpretation of the publicly stated terms of sale, and that therefore he ought not to be held to them. The fair implication from all the facts is that he has become the owner of real estate fairly worth the sum stated as the interest, subject to which the sale was made, more than the face of the mortgage and expenses.

*Decree affirmed with costs.*