BEN M. GOLDMAN *vs.* ARTHUR L. DAMON.

Suffolk. March 5, 1930. — July 3, 1930.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Mortgage,* Of real estate: foreclosure. *Contract,* Implied.

All that a mortgagee of real estate acting under a statutory power of sale can sell by valid sale upon foreclosure is the interest in the property conveyed by the mortgage.

While, upon a sale in foreclosure of a junior mortgage of real estate, he who was owner of the equity of redemption becomes entitled to any surplus of the amount received from the sale in excess of the amount due upon the obligation secured by the mortgage and can recover such surplus from the mortgagee by action at law, the only criterion, in such an action at law, of the value of what was sold is the amount bid at the foreclosure sale.

If through fraud, collusion or mistake in such foreclosure sale proceedings, the price obtained is not a true criterion of the value of the property sold, the remedy of the owner of the equity of redemption is by a suit in equity to set aside the sale; if he brings an action at

law for a surplus, he thereby affirms the validity of the sale so far as it concerns him.

The mere fact, that the holder of the junior mortgage himself becomes purchaser at the sale in foreclosure of his mortgage under authority thereby conferred, does not change the application of the foregoing principles of law.

The owner of real estate subject to a first and a second mortgage conveyed it by a third mortgage which recited that $10,650 was due on the second mortgage. Upon breach of the third mortgage, its holder advertised a foreclosure sale by a notice setting out the references to prior mortgages exactly as they were in the third mortgage. At the foreclosure sale the second mortgagee stated to the auctioneer that there was only $6,350 due on that mortgage; but, after conference with the holder of the third mortgage, the auctioneer stated that "the second mortgage was then $10,650." The only bid made was by the holder of the third mortgage, to whom the property was sold for $6,000. There then was due on the third mortgage $6,050 and on the second mortgage $6,500. He who was the owner of the equity of redemption sought by an action at law to recover from the holder of the third mortgage as a surplus the sum by which the amount stated by the auctioneer to be due on the second mortgage exceeded the amount actually due thereon. The judge ordered a verdict for the defendant. *Held,* that, under the principles of law above set out, the amount for which the property was sold must be taken as the value of the title sold, and, it being less than the amount due on the third mortgage, there was no surplus; and the verdict properly was ordered.

CONTRACT, with a declaration described in the opinion. Writ dated April 13, 1927.

In the Superior Court, the action was tried before *Williams,* J. Material evidence is described in the opinion. The bill of exceptions stated: "It is agreed that the amounts due on the second and third mortgages on March 10, 1927, [the date of the foreclosure sale] were $6,500.00 and $6,050.00 respectively." The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*F. L. Simpson,* (*J. C. Johnston* with him,) for the plaintiff.

*W. P. Murray,* (*C. H. Dow* with him,) for the defendant.

WAIT, J. The plaintiff, in the first count of his declaration, alleges that the defendant, holder of a third mortgage upon real and personal property of the plaintiff, became the purchaser at a foreclosure sale under the power in the mortgage, bidding $6,000 above a first mortgage for $28,000

with accrued interest and a second mortgage represented at the sale to secure $10,650; that, in truth, but $5,000 was due on the second mortgage at the time of the sale as the defendant well knew, and, consequently, he owes the plaintiff the difference, $5,650. In a second count upon an account annexed, he debits the defendant with $44,650, alleged to be the amount received at the foreclosure sale, credits him with $28,000, $5,000 and $6,000, the amounts of three mortgages on the premises, and claims the difference, $5,650, as a balance due.

At the trial it appeared that $6,050 was due upon the third mortgage at the time of the sale, and that the defendant bid $6,000 for the property then sold. The judge ruled that there was no surplus of the amount bid above the amount due, and directed a verdict for the defendant. The plaintiff excepted to the ruling and order.

The bill of exceptions discloses the following undisputed facts. The third mortgage conveyed the mortgaged property subject to a first mortgage of $28,000, "and to a second mortgage given to Samuel Shulman upon which there is now due the sum of Ten thousand six hundred and fifty ($10,650.00) dollars." The deed contained by reference the usual statutory condition and certain additional conditions, among which was: "In case of a foreclosure sale the Holder hereof shall be entitled to retain one per centum of the purchase money in addition to the costs, charges and expenses allowed under the Statutory Power of Sale," and it set out that "For any breach of the aforesaid Statutory Condition or of any of the aforesaid other Conditions, the Mortgagee shall have the Statutory Power of Sale." It was in the short form authorized by G. L. c. 183, §§ 18–21, inclusive. There had been a breach of the conditions. The notice of foreclosure sale was duly advertised. It set out as required by G. L. c. 244, § 14, the description of the premises, "exactly as in the mortgage, including all references to title, restrictions, encumbrances, etc., as made in the mortgage." The amount due from the mortgagor to the holder of the third mortgage in accord with its terms was $6,050. The defendant held the third

mortgage by mesne assignment from Shulman, the mortgagee named in the deed. The plaintiff, the defendant, Shulman and others were present at the sale.

There was evidence that, at the sale, when the auctioneer read from the notice of sale the statement of the second mortgage "on which there is now due $10,650," Shulman interrupted to say: "There is an error there, that should be $6,350, isn't that so?" The auctioneer spoke with the defendant and then said: "No, that is right, $10,650 is correct." The notice, at the plaintiff's request, was again read and re-read and the auctioneer said the property was being sold subject to a first mortgage in the sum of $28,000 and a second mortgage in the sum of $10,650. Shulman said to the auctioneer that payments had been made so that it was reduced and at the time there was only $6,350 due. The auctioneer then said "the second mortgage was then $10,650." He called for bids, and the only bid made was that of the defendant for $6,000, who became the purchaser.

It is our settled law that all that a mortgagee acting under a statutory power of sale can sell by valid sale upon foreclosure is the interest in the property conveyed by the mortgage. *Donohue* v. *Chase*, 130 Mass. 137. *Dearnaley* v. *Chase*, 136 Mass. 288. *Fowle* v. *Merrill*, 10 Allen, 350. *Torrey* v. *Cook*, 116 Mass. 163. By statute, G. L. c. 244, § 14, "the premises shall be deemed to have been sold . . . subject to and with the benefit of all restrictions, easements, improvements, outstanding tax titles, municipal or other public taxes, assessments, liens or claims in the nature of liens, and existing encumbrances of record created prior to the mortgage." Upon such a sale the former owner of the equity becomes entitled to any surplus of the amount received from the sale in excess of the amount due upon the obligation secured by the mortgage. This he can recover from the mortgagee by action at law. *O'Connell* v. *Kelly*, 114 Mass. 97. He has no right of action against any third person for the surplus. The amount bid at the foreclosure sale, under our statutory process of foreclosure by sale, is the only criterion of the value of what

was sold where the action is at law. *Alden* v. *Wilkins*, 117 Mass. 216. *O'Connell* v. *Kelly, supra. Cook* v. *Basley,* 123 Mass. 396. If through fraud, collusion or mistake in the proceedings, the price obtained is not a true criterion of the value, the remedy is in equity to set aside the sale. *Russell* v. *Bon,* 221 Mass. 370. Obviously nothing is due if no valid sale has been made. Consequently, if he sues for a surplus, he affirms the validity of the sale so far as it concerns him. *Alden* v. *Wilkins, supra.* These fundamental conceptions are not changed if the holder of the mortgage becomes himself the purchaser at the sale under authority conferred by the terms of the mortgage. He is bound to an honest compliance with the power of sale, and in dealing with himself as bidder or purchaser, is held to scrupulous regard for the rights of the owner of the equity; but his bid at the sale stands like that of any bid of a third person; it is his offer of what he will pay for what is there for sale. If the sale is invalidated, there is no purchaser. A new sale becomes essential to a valid foreclosure.

If the plaintiff believed that more was sold at the sale than was legally possible in the absence of agreement by all parties, *Cook* v. *Basley, supra,* his remedy was in equity to set aside the proceedings, and either redeem or let another sale be made. If he wished the sale to stand, he must take it as a sale at a price of $6,000 of what legally could be sold. No surplus then appears.

There was no evidence to show that all parties in interest assented to a sale of the entire estate. There was nothing to show that any money in excess of $6,050 had been received. *Crane* v. *White,* 215 Mass. 478, relied on by the plaintiff, was a proceeding in equity, and is distinguishable also upon its facts. No question was there raised in regard to what was sold at the foreclosure, nor to the amount of the actual bid of the purchaser. So also in *Feuer* v. *Capilowich,* 242 Mass. 560, and *Antonellis* v. *Weinstein,* 258 Mass. 323, the proceedings were in equity. Neither is authority that an action at law can be maintained in such circumstances as exist here for an accounting. In both the bid is

taken to be for the interest legally salable at the foreclosure, subject to the burdens and with the benefits set out in the statute already quoted. Compare *Antoine* v. *Commonwealth Trust Co.* 266 Mass. 202.

It follows that the judge was right, and entry must be made

*Exceptions overruled.*