JONATHAN V. FLETCHER & others *vs.* BASS RIVER
SAVINGS BANK.

Barnstable.    March 13, 1902. — June 18, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Mortgage*, Foreclosure, mortgagee's expenses for repairs.

If a mortgagee in possession, who has entered not intending to keep possession but
solely for the purpose of more effectually foreclosing by a sale under the power
contained in the mortgage, makes repairs, which are not needed to preserve the
estate from loss or injury, solely for the purpose of obtaining a higher price at
the sale, it fairly may be said that he has gone beyond his duty and his right as
mortgagee, and a finding that he is not entitled to be allowed the expense of the
repairs is justified.

CONTRACT for $230.04 had and received by the defendant to
the plaintiffs' use, and interest thereon, being a surplus alleged
to have been received by the defendant from the sale of certain
premises on the foreclosure of certain mortgages above the
amount of the mortgages held by the defendant and interest
and the expenses of the sale.   Writ dated May 26, 1899.

In the Superior Court the case was heard by *Richardson*, J.,
without a jury.   The plaintiffs put in an auditor's report and
rested.   The defendant introduced no evidence.   The judge
found for the plaintiffs in the sum of $188.69, being the sum of
$174.77, the amount found by the auditor, and interest thereon
from January 12, 1899, to the date of the hearing, and reported
the case for determination by this court.   If the finding of the
judge was not authorized, judgment was to be entered for the
defendant or judgment was to be entered for the plaintiffs for
such sum as law and justice might require ; otherwise, judgment
was to be entered in accordance with the finding.

*H. H. Baker*, for the plaintiffs.

*C. C. Paine*, for the defendant.

HAMMOND, J.   The only evidence at the trial was the audi-
tor's report, and the only question before us is whether the judge
was warranted in his finding for the plaintiffs.

Upon the evidence the judge might properly have found that
at the time the defendant entered to foreclose on September 7,

1898, it intended to advertise the property immediately for sale under the power contained in the mortgage; that at that time the house was somewhat out of repair "in that the chimney needed repairing, the roof of the ell leaked, one of the gutters was decayed, the piazza was broken and some of the window glass was out, trees and vines had grown too near the house and the paint was badly worn"; that the repairs were of the kind for the expense of which an allowance should be ordinarily made to a mortgagee, but that the house would not "have been of any less value at the time of the sale if the repairs had not been made, than it was at the time of the entry," and that the repairs were not "necessary in order that the house might be in as good condition at the time of the sale as at the time of the entry." The judge might also have found that from the time of the entry it was the intention of the defendant to purchase the property at the sale if necessary to protect itself, and that it did purchase it in accordance with that intention, and that the repairs were not made in good faith for the purpose of occupation nor were necessary for the preservation of the property while the defendant was mortgagee, but in order that it might present a more attractive appearance and bring a higher price at the sale; or in other words that the repairs were not made in good faith to protect the interests of all concerned in the property of a mortgagee in possession, but solely for the purpose of enabling the mortgagee to make a better sale.

Upon such findings can the plaintiffs recover? It is contended by the defendant that since these repairs so far as respects their nature were such as a mortgagee in possession may properly make and for the expense of which he may be allowed, the general rule applies; and that it is immaterial whether the mortgagee intended to foreclose by holding possession for three years or by the more summary process of a sale under the power, or whether the repairs were needed to preserve the property so that it would be in the same condition at the sale as at the entry.

A mortgagee who has entered for foreclosure is not yet the owner of the land. He holds it as trustee for the owner. As a rule he has no authority to make the estate better at the expense of the owner. The mortgagor as the owner is the only person

who has the right to exercise his judgment as to whether the estate shall be made more valuable by an outlay of money. Yet the mortgagee while in possession is bound to use reasonable means to preserve the estate from loss or injury, and those means he may use even although, as in a case where at the entry the property is in a dilapidated condition, the result is that the condition of the estate is made better than at the time of entry. *Woodward* v. *Phillips*, 14 Gray, 132. We should be slow to say that where a mortgagee in good faith for the purpose of preserving the estate from loss or injury while in his possession had made repairs like those in this case, he should not be allowed therefor although the result was that its condition was better at the time of foreclosure than at the time of entry, and although he subsequently foreclosed by a sale rather than by possession for three years.

But the mortgagee is to be held to good faith. If, not intending to keep possession, but entering upon the estate simply and solely for the purpose of more effectually foreclosing by an immediate sale to himself or to some third person under the power contained in the mortgage, he makes repairs which are not needed to preserve the estate from loss or injury while he is in possession and are not made for that purpose but solely that a higher price may be obtained at the sale, then it may be fairly said that he has gone beyond his duty and his right as mortgagee.

We cannot say that the finding of the court was not warranted by the evidence. According to the terms of the report there must be

> *Judgment for the plaintiffs for $174.77, with interest from January 12, 1899.*