## Leon E. Gilpin *vs.* William F. Brooks & others.

Suffolk. `November 14, 1916. — March 10, 1917.

Present: Rugg, C. J., Loring, De Courcy, Crosby, & Carroll, JJ.

*Equity Pleading and Practice*, Master's report, Appeal. *Equity Jurisdiction*, To redeem real estate from mortgage, To restrain foreclosure.

On an appeal from a decree confirming a master's report in a suit in equity, where the evidence is not reported, the master's findings of fact must stand.

The holder of a second mortgage upon real estate, on which buildings in process of construction had been left unfinished, open and exposed to the weather in the winter season so that, if allowed to remain in that condition, there would be a serious loss, procured from the mortgagor a conveyance of the equity of redemption to a third person for his benefit and then in good faith proceeded to complete the structures himself and in the meantime to foreclose his mortgage. A creditor of the mortgagor, who had furnished lumber for the construction of the buildings brought on the day appointed for the foreclosure sale a suit in equity to restrain the foreclosure, alleging his willingness to pay off the second mortgage. *Held*, that, even if the bill in equity could be construed as a bill to redeem, the creditor plaintiff could not redeem the property merely by paying the amount of the mortgage and, in order to be allowed to do so, also must reimburse the second mortgagee for his legitimate expenditures incurred in completing the buildings to preserve the property from decay and injury.

In the suit mentioned it appeared that the plaintiff before bringing his suit in equity had brought an action at law, which still was pending, against the mortgagor, in which he had attached the real estate in question, and there was no allegation in the bill in equity that the mortgagor was insolvent. The only relief specifically prayed for in the bill was an injunction restraining the foreclosure, and it was *held*, that as to the mortgagor the rights of the plaintiff were secured by his action at law, and that as to the second mortgagee also the bill must be dismissed for the reasons stated above.

Bill in equity, filed in its substituted form in the Superior Court on March 22, 1916, by the surviving partner of a firm that did business under the name of the Mullan-Gilpin Lumber Company, against William F. Brooks, Sylvanus G. Morse, Charles Cohen and Louis Leven, containing the allegations that are described in the opinion, and praying, first, that the defendant Brooks be enjoined from proceeding further to foreclose the two mortgages described in the opinion made by the defendants Cohen and Leven to the defendant Brooks, dated September 2, 1915, on

land and buildings on Standish Street in Cambridge, second, that the amount due to the defendant Brooks by the defendants Cohen and Leven upon said two mortgages for $400 each, dated September 2, 1915, on said two lots of land and the buildings thereon on Standish Street in Cambridge be fixed and determined, and that, upon payment by the plaintiff of such amounts so fixed and determined to the defendant Brooks, the defendant Brooks be ordered to assign said two mortgages to the plaintiff; and, third, for further relief.

The case was referred to a master who filed a report, in which he found the facts that are stated in the opinion.

The case was heard upon the master's report by *Fox*, J., who made a memorandum of decision that "Upon the bill and the master's report, no case is shown against Brooks; and as to Cohen and Leven, the plaintiff's rights are fully secured by his suit at law and the attachment." He ordered that an interlocutory decree be entered confirming the master's report and dissolving the temporary injunction theretofore granted, and that a final decree be entered dismissing the bill with costs to the defendant Brooks.

From both of the decrees entered in pursuance of these orders the plaintiff appealed.

*M. F. Farrell & M. R. Thomas*, for the plaintiff, submitted a brief.

*F. J. Carney*, for the defendants.

CARROLL, J. The defendant Brooks sold to Cohen and Leven seven lots of land. Upon two of these lots Cohen and Leven gave the defendant Morse mortgages, each for the sum of $5,500, to secure a construction loan, and a second mortgage of $400 on each lot to Brooks. The plaintiff and his partner, since deceased, furnished lumber to Cohen and Leven for the erection of two houses on these lots.

December 3, 1915, the plaintiff, in an action at law, attached the real estate of Cohen and Leven to the amount of $4,000. January 3, 1916, Brooks entered upon the premises for breach of the conditions in his mortgage, and February 5, 1916, caused notices of sale to be published under the power in the mortgage, the time of sale being fixed for March 9, 1916. After the attachment, Morse refused to make further payments under the con-

struction loan agreement, and Cohen and Leven informed Brooks that they were unable to continue the work. The houses were then unfinished, — one of them open and exposed to the weather; it was in the winter season — to permit them to remain in such condition would have resulted in serious loss. Brooks notified Cohen and Leven that he intended to complete the houses and requested them to convey to him their equity of redemption. They did this on January 12, 1916, when a deed was made to one Laffey for the benefit of Brooks. As soon as this conveyance was made, Brooks began the work of completing the structures. On one of the houses he has contracted for materials and supplies to the sum of $1,735.25, of which he has paid $652.38; on the other he has contracted for $3,132.13, of which he has paid $822.58. The expenses of foreclosure were $110, and the value of Brooks's services supervising the work, the master finds to be $100. At the date fixed for the mortgage sale, the plaintiff secured an injunction restraining it.

The plaintiff in his bill alleges that Cohen and Leven made false representations, and relying upon them, the lumber was sold; that the title to the land was placed in their names so that they might obtain credit for materials for the erection of the houses, in which scheme Brooks participated; that they conveyed the land to Laffey, and on foreclosure and sale, the profits were to be divided between Brooks, Cohen and Leven. The plaintiff also states he is willing to pay the two mortgages for $400 each, and asks that Brooks be restrained from further proceeding to foreclose the mortgages.

The defendant Brooks, in his answer offers to execute and deliver to the plaintiff an assignment of the mortgages, provided he is paid what is due under the mortgages and also what is due on account of his expenditures in completing the buildings. The action at law against Cohen and Leven is pending in the Superior Court. There is no allegation in the bill that they are insolvent, and there is additional real estate owned by them and held by the plaintiff's attachment. From a decree dismissing the bill the plaintiff appealed.

The plaintiff's bill is based on the participation of Brooks in the plan of Cohen and Leven to defraud the plaintiff. The master has found there was no evidence that Brooks was in any way

connected with the dealings of the plaintiff; that he sold the land to Cohen and Leven, taking a second mortgage in payment of his equity therein; that in completing the buildings he acted in good faith, under the advice of counsel, believing it was his right so to do, and with no "intention of prejudicing the rights of the plaintiff or any other person." This was a finding of fact; and as the evidence is not reported, the finding must stand. *O'Brien* v. *Murphy,* 189 Mass. 353. *Briggs* v. *Sanford,* 219 Mass. 572.

The plaintiff also asks for an assignment of the two mortgages of $400 each, and the defendant Brooks, although he cannot be compelled to assign the mortgages, in his answer offers to make such assignment, if compensation is made for his expenses in protecting and completing the houses. *Lamb* v. *Montague,* 112 Mass. 352. *Kerse* v. *Miller,* 169 Mass. 44, 48. *Fitcher* v. *Griffiths,* 216 Mass. 174, 176. Even if the bill could be construed as a bill to redeem, the mortgagee in good faith made reasonable and just expenditures to preserve the property from decay and injury, and he should be allowed therefor. The attaching creditor cannot redeem by paying merely the amount of the mortgage. The mortgagors abandoned the undertaking; they themselves could do nothing to protect the property. The unfinished buildings were exposed to the weather, and unless cared for would deteriorate in value. The mortgagors conveyed their equity in the premises, and Brooks, in completing the structures, acted in good faith. The plaintiff apparently knew this, and that Brooks was, at his own expense, engaged in this work. It would be clearly inequitable, therefore, to permit the plaintiff to redeem without reimbursing Brooks for these legitimate expenditures. See *Fletcher* v. *Bass River Savings Bank,* 182 Mass. 5; *Woodward* v. *Phillips,* 14 Gray, 132.

As the plaintiff's rights against Cohen and Leven are secured in his action at law, and as no specific relief is asked, except that Brooks be restrained from foreclosing his mortgages and ordered to assign the same, the bill properly was dismissed as to Cohen and Leven. The decree dismissing the bill should be affirmed, with costs.

*So ordered.*