JOHN H. REID & others *vs.* SARAH GRAT.

Worcester. September 26, 1927. — October 14, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Equitable Servitude. Equity Jurisdiction,* To enjoin violation of equitable restriction. *Equity Pleading and Practice,* Master: findings, recommital; Findings by judge; Appeal.

Upon an appeal from a decree in a suit in equity, which was heard by a judge of the Superior Court upon a master's report containing no report of the evidence before him, findings of fact by the master are final unless from the report itself they appear to have been unwarranted.

A decree denying a motion to recommit a report to a master in a suit in equity will not be reversed on appeal where it appears that the determination of the motion was a matter within the sound discretion of the judge.

Upon an appeal from a decree dismissing a suit in equity, which was heard by a judge of the Superior Court upon a master's report containing no report of the evidence, this court stands where the judge who heard the case stood with respect to inferences of fact to be drawn from facts found by the master, without weight being given to his conclusions of fact. In the present suit, this court drew inferences different from those of the trial judge, and reversed the decree.

Deeds of lots in a plot of land contained a restriction, imposed by the owner of all the lots in pursuance of a general development scheme, "That all buildings shall be placed and set back not less than twenty-five feet from the street line, provided that steps, windows, porticoes and other

projections appurtenant thereto are to be allowed in said space." The owner of one of the lots began construction of a two family dwelling house, thirty feet wide, with one tenement above the other, which included a structure extending entirely across its front and over seven feet into the restricted area. Fourteen feet of this width was occupied by open covered piazzas, one opposite each tenement. In the remaining sixteen feet were "sun parlors," one opposite to and connected with each tenement, heated by steam from two heating plants in the cellar of the building. The three outside walls were practically all windows. The floors were double. While there was no cellar under these piazzas, the foundation walls were continuations of those of the main house. The roof was a continuation of the roof of the house. Double French doors connected the living room of each tenement with the corresponding sun parlor. *Held*, that the structure was a violation of the restriction and its maintenance might be enjoined in a suit in equity.

BILL IN EQUITY, filed in the Superior Court on June 29, 1925, seeking a mandatory injunction requiring the defendant to desist from further building within twenty-five feet of the street line of Delwood Road in Worcester, and directing her to remove so much of her building as had already been erected within said reserved space.

In the Superior Court, the suit was referred to a master. Material facts found by him are stated in the opinion. The suit was heard by *Keating*, J., by whose order there were entered interlocutory decrees overruling exceptions by the defendant to the master's report, denying a motion by the defendant that the report be recommitted to the master for further findings, and confirming the report. The suit was further heard by *Brown*, J., by whose order there was entered a final decree dismissing the bill. The plaintiffs appealed.

*J. H. Reid*, for the plaintiffs.

*W. B. Feiga & J. B. Scott*, for the defendant.

PIERCE, J. This is an appeal from a final decree dismissing the bill of complaint of the plaintiff, wherein he and others, who joined in the bill by leave of court, seek to enjoin the defendant from erecting a building on her land in the alleged violation of a building restriction. The restriction was imposed on the parcels of land owned by the defendant and the several plaintiffs by their common grantor, in pursuance of a scheme of the grantor to develop all the land

shown on a "Plan of Westview Manor Building Sites," recorded with Worcester District Deeds, Book 38, Plan 32.

Upon the filing of the answer the case was referred to a master, who, after hearing the parties, duly made report to the court. The defendant's exceptions to the refusal of the master to make specific findings of fact were overruled. In the absence of the evidence before the master, his findings of fact must be deemed to be final, unless from the report itself they appear to have been unwarranted. The defendant's motion to recommit for further findings was a matter in the sound discretion of the judge, and the decree denying that motion should be affirmed. *Ginn* v. *Almy*, 212 Mass. 486, 496.

The following findings were made: The tract known as Westview Manor Building Sites was acquired by Isador Katz with no restrictions. In all deeds of portions of the tract from Katz, so far as they now relate to parcels of land on Delwood Road, and in all subsequent mesne conveyances of said parcels, mention was made that the premises were conveyed subject to the restrictions, "That all buildings shall be placed and set back not less than twenty-five feet from the street line, provided that steps, windows, porticoes and other projections appurtenant thereto are to be allowed in said space." These restrictions were imposed upon all parcels of land on Delwood Road for the benefit of all the parcels, and as a part of a general scheme of development of the "Westview Manor Building Sites."

The defendant is erecting a two-family house, one tenement above the other, on the parcel of land owned by her. Practically the outside of the house, including the roof, has been completed. The "disputed portion" is wholly within the restricted area, that is, it is entirely within the area included between the street line and a line parallel thereto and twenty-five feet distant on said tract. The disputed portion consists of a "sun parlor," one on the level of each of the two main floors of the house, the roof over the same, and a dormer window in said roof. The sun parlors are each seven and one half feet wide, and they extend across the front of the house from a point eighteen inches distant from the south-

easterly corner of the remainder of the house to a point approximately midway of the front of the house, a distance of about sixteen feet; at this point there are open piazzas, on the same floor levels with the sun parlors and of equal width with them, extending across the remainder of the front of the house, a distance of about fourteen feet, the northerly ends of the open piazzas being flush with the northerly side of the remainder of the house.

There is no cellar under the disputed portion as there is under the remainder of the house; the foundation under the sun parlor consists of a trench wall up to the surface of the ground, and above ground the foundation is of field stones, the same as the foundation under the rest of the house. There is a window in the front foundation wall, similar in form and size to the cellar windows, so that from the outward appearance there is no indication that the cellar does not extend under the sun parlors. The sun parlors are piped to be heated by steam from the two heating plants in the cellar of the house. The floors of the sun parlors are to be double, the upper floor of each to be the same as the floors of the rooms in the remainder of the house and on the same level with them. Double French doors are to be hung between the living room on each floor and the sun parlor. The roof over the sun parlors is an extension of the roof over the easterly portion of the remainder of the house, and the dormer window in the roof above the sun parlors is the common form of such windows and serves to break the roof line and to assist in lighting and ventilating the attic space of the house. The photograph introduced in evidence before the master "is a fair reproduction of the appearance of the exterior of the disputed portion of the building here in controversy." The plaintiffs Reid and Nixon on several occasions during the progress of the work protested to the defendant that she was violating the restriction in her deed by building within the restricted area.

As the findings of the master are final, in the facts reported this court on appeal from the final decree stands where the judge who heard the case stood in respect to the inferences of fact to be drawn from the facts found by the master, with-

out weight being given to his conclusions of fact. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138, 143. *Hutchins* v. *Mead,* 220 Mass. 348. *Mansfield* v. *Wiles,* 221 Mass. 75, 84. *Hopkins* v. *Flower,* 256 Mass. 367, 371.

A careful consideration of the facts found by the master, in connection with the view of the "disputed portion" afforded by the photograph, leads us to the conclusion that the disputed portion of the house is not exempted from the operation of the restrictions. Manifestly the disputed portion is not steps or windows, although it contains many. It is not a portico in the commonly accepted or lexigraphical definition of that word, *Attorney General* v. *Ayer,* 148 Mass. 584, 587; nor a porch or shelter in any sense to a door of the remainder of the house; nor is it "other projections appurtenant" to the building. The disputed portion is not in any respect similar to a portico or porch; and it is not a projection and an appurtenance to the remainder of the building in the sense a bay window or octagon front may be said to be appurtenant thereto. It occupies substantially the whole front of the defendant's house, as is shown by an inspection of the photograph, and from the foundation to the roof encroaches and occupies a large portion of the reserved space.

We find nothing in the defence that the grantor while he owned the entire tract on Delwood Road had built houses on the twenty-five foot set back line, with vestibules, roofs and dormer windows projecting into the twenty-five foot restricted area.

It results that the decree must be reversed, and a decree entered in conformity to the first prayer of the plaintiffs' bill, with costs.

*Decree accordingly.*