Edwin T. McKnight *vs.* Philip N. Winkler.

Suffolk.     May 20, 1929. — June 27, 1929.

Present: Rugg, C.J., Crosby, Pierce, Sanderson, & Field, JJ.

*Mortgage*, Of real estate: redemption; junior mortgage. *Equity Pleading and Practice*, Master: recommittal of report.

If a second mortgagee of real estate, in order to protect his rights under his mortgage, has paid money to the first mortgagee by way of principal and interest due on the first mortgage and of expenses incurred by the first mortgagee in foreclosure proceedings commenced by him under that mortgage, the owner of the land is not entitled to redeem it from the second mortgage until he has reimbursed the second mortgagee for such money paid, in addition to paying him the sums due under his mortgage.

The disposition of a motion that a suit in equity be recommitted to a master lies in the sound discretion of the judge who hears the motion.

Bill in equity, filed in the Superior Court on August 13, 1927, by an owner of land seeking to have the amount due under a second mortgage thereon determined and to have a foreclosure of that mortgage enjoined until such determination could be made.

The plaintiff in the bill offered to pay to the defendant whatever amount was legally due under the mortgage. A master to whom the suit was referred found that the foreclosure proceedings had been abandoned by agreement of the parties. The record did not show the covenants in the second mortgage. Other material facts found by the master are stated in the opinion. A motion by the defendant to recommit the suit to the master was denied by *Greenhalge,* J., by whose order was entered an interlocutory decree confirming the master's report. By order of *Whiting,* J., there was entered a final decree adjudging that a certain amount was due under the mortgage and that the defendant also was entitled to the sum of $457.25 mentioned in the opinion, "before the [defendant's] mortgage . . . is discharged or redeemed." The plaintiff appealed from both decrees. He

also alleged exceptions to the order denying the motion to recommit and to the orders for decrees.

*R. Walsworth,* for the plaintiff.

*G. W. Boland,* for the defendant.

CROSBY, J. This is a bill in equity whereby the plaintiff seeks to restrain the defendant from foreclosing a mortgage. The case was referred to a master who made the following findings: The plaintiff became the owner of the premises in question, through the foreclosure of a third mortgage given him by one Thomas E. Dempsey. The defendant is the holder of a second mortgage on the same premises and there is due him on account of the principal sum and interest of the mortgage note, which the second mortgage was given to secure, on account of the principal, the sum of $2,430 and interest. There are also due and payable to the defendant certain sums of money paid to the East Bridgewater Savings Bank, the holder of a first mortgage on the premises, by the defendant to protect his rights under the second mortgage. The bank is the present holder of the first mortgage. The amount named in the second mortgage and note is $3,000, payable in two years with interest at the rate of seven per cent per annum payable monthly, with monthly payments upon the principal of $40 each. The principal sum actually due and payable on August 1, 1927, was $2,430. This second mortgage to the defendant was given by Thomas E. Dempsey and is dated September 1, 1926. A third mortgage on the premises, under which by foreclosure the plaintiff obtained title, was dated September 13, 1926. Under the power of sale contained in the second mortgage the defendant on August 3, 1927, commenced foreclosure proceedings for breach of the conditions of the mortgage. It is these proceedings that the plaintiff seeks by the present bill to restrain. At the time of the execution of the second mortgage the actual amount of money paid to Dempsey was $2,550; since then three payments of $40 each have been made, reducing the amount of principal due to $2,430. Three monthly payments of interest were also made to the defendant. Eight monthly payments on account of the principal at the commencement of the foreclosure proceedings

were due and unpaid, and a like number of interest payments were unpaid amounting to $113.44. On March 21, 1927, after the first mortgagee had begun foreclosure proceedings, the defendant, in order to protect his title under the second mortgage, paid the first mortgagee the sum of $457.25, which included sums on account of principal and interest due under the first mortgage and expenses in connection with the foreclosure proceedings. Upon conflicting evidence the master found that the amount so paid by the defendant was paid out of his own funds to protect his rights under his second mortgage, and that he had not been reimbursed for it by the plaintiff.

The plaintiff filed objections to the master's report and moved that it be recommitted. The motion was denied and an interlocutory decree was entered overruling the plaintiff's objections to the report and confirming the same as subsequently amended. A final decree was entered. The only part thereof which now is objected to by the plaintiff is that "the defendant is entitled to be paid the sum of $457.25 . . . with interest at six (6) per cent per annum from March 21, 1927, to the date of payment before the mortgage referred to in the bill is discharged or redeemed."

In *Davis* v. *Winn,* 2 Allen, 111, a junior mortgagee was compelled to pay the amount due upon a note secured by a prior mortgage upon a portion of the land covered by the mortgage to protect his title. The prior mortgagee upon such payment, instead of assigning his mortgage to the junior mortgagee, discharged the same. It was held that there could be no redemption as against the junior mortgagee until he had been reimbursed for the amount he had been so compelled to pay. The decision in that case is applicable in principle to the case at bar. Where, as here, the plaintiff seeks equitable relief, he must do equity. He has had the benefit of the amount paid by the defendant to the first mortgagee and in equity and good conscience should reimburse the defendant therefor before he is entitled to redeem. It would be plainly inequitable to allow him to redeem without paying the amount so expended by the defendant in good faith and for the plaintiff's benefit. *Wood-*

*ward* v. *Phillips,* 14 Gray, 132.   *Gilpin* v. *Brooks,* 226 Mass. 322.   See also *Kerse* v. *Miller,* 169 Mass. 44, 47.

The three exceptions to the exclusion of evidence on the cross-examination of the defendant cannot be sustained.  The last two relate to matters which had previously been waived; besides, all of the questions arising upon cross-examination excepted to could properly be excluded on the ground that they were not relevant to any issue before the master.  The issue whether the master's report should be recommitted was within the sound judicial discretion of the trial judge.  *Ginn* v. *Almy,* 212 Mass. 486, 496.   *Reid* v. *Grat,* 261 Mass. 72, 74.  The plaintiff's exception that the master did not report the evidence with sufficient fullness to enable the exceptions to be understood is not well founded.  The exceptions to the master's report must be overruled.  The exception to the order for an interlocutory decree and final decree is overruled.  As no error of law is shown, the interlocutory decrees and the final decree are affirmed with costs.

*Ordered accordingly.*