EDWIN T. MCKNIGHT vs. PHILIP N. WINKLER.

Suffolk.     January 9, 1930. — January 28, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Equity Pleading and Practice*, Supplemental bill.

After the hearing of a suit in equity by a master, the entry of a final decree, an appeal therefrom by the plaintiff and a rescript from this court affirming the decree, the plaintiff, by procuring the allowance of an amendment to the bill in the nature of a supplemental bill averring only facts as to which there had been a full hearing of evidence by the master, is not entitled to a rehearing as to such averments; and a judge before whom the amended or supplemental bill is heard is justified in refusing to hear evidence on such issues.

BILL IN EQUITY, filed in the Superior Court on August 13, 1927.

The suit previously was before this court on an appeal by the plaintiff from a final decree, when the decree was affirmed in a decision reported in 268 Mass. 153. After rescript, the amendment to the bill described in the opinion was allowed by *Bishop*, J. The amended bill then was heard by *Burns*, J. Proceedings at such hearing and the final decree then entered are described in the opinion. The plaintiff appealed.

*R. Walsworth*, for the plaintiff.

*G. W. Boland*, for the defendant.

CROSBY, J. On August 13, 1927, the plaintiff filed a bill in equity in the Superior Court seeking to restrain the defendant from foreclosing a second mortgage. The case was referred to a master, who, besides other findings, found that on March 21, 1927, after the first mortgagee had begun foreclosure proceedings, the defendant in order to protect his title under the second mortgage paid the first mortgagee $457.25, which included sums on account of principal and interest due under the first mortgage and expenses incurred in connection with the foreclosure proceedings. The master further found upon conflicting evidence that the amount so paid by the defendant was paid out of his own funds to

protect his rights under his second mortgage and that he had not been reimbursed for it by the plaintiff. A final decree was entered on January 22, 1929, which, among other provisions, decreed that the defendant was entitled to be paid the $457.25 with interest "before the mortgage . . . is discharged or redeemed," that sum being the only part of the decree which was objected to by the plaintiff. The plaintiff appealed from an interlocutory decree and final decree. These decrees were affirmed by this court. 268 Mass. 153.

Thereafter the plaintiff filed a "supplemental, or an amendment to the original bill of complaint," in which it is alleged that one Brown was a former owner of the property and had furnished to the defendant $400 of the $457.25 paid to the first mortgagee; that the defendant owes Brown the $400 alleged to have been so paid to the defendant; and that Brown should be made a party defendant. The amendment also alleges that Brown and the defendant, without the knowledge of counsel or of the master, made an arrangement whereby Brown was to receive from the defendant $400 of the $457.25; and that the defendant's testimony relating to certain matters including the payment to the first mortgagee was known by him to be false, but was not so known by the plaintiff when the bill was filed. By order of a judge of the Superior Court on July 15, 1929, the amendment was allowed as of April 12, 1929. On the same date an interlocutory decree was entered taking the bill as confessed against Brown. The case thereafter came on for hearing in the Superior Court on the supplemental, or amendment to the, bill, but the presiding judge declined to hear any evidence on the ground that the issues raised had been passed upon by the master in the hearing upon the original bill. An order was entered dismissing the amendment without costs, and a final decree after rescript was entered dismissing the bill with a recital that the defendant "is entitled to receive the sum of $457.25 with interest at six per cent from March 21, 1927, before any redemption of the mortgage set forth in the bill of complaint, or any discharge of said mortgage, is required of him. . . ." The

plaintiff excepted to the refusal of the judge to hear evidence in support of the allegations in the amended bill, and also appealed from the final decree.

When the case was before the master considerable evidence was offered as to whether $400 of the $457.25 paid the first mortgagee was furnished by the defendant or by Brown, who was an indorser of the note secured by the second mortgage. The master accordingly found as follows: "Upon full consideration of all claims in relation thereto submitted in evidence and argued by counsel before me, I find that no part of the said amount of $457.25 was furnished by the indorser Brown, although the check of the respondent for that amount passed through his hands to the attorneys for the" first mortgagee. "I find that the entire amount of $457.25 was furnished by the respondent out of his own funds. . . ." These findings are conclusive against the right of the plaintiff to be further heard upon the question as to whether any part of the $457.25 was paid by Brown or by the defendant. As this issue was heard at length by the master and decided adversely to the plaintiff's present contention, it cannot again be raised by a supplemental bill or by an amendment to the original. It follows that the exception to the refusal to hear evidence upon the amended bill is overruled, and the final decree after rescript is affirmed with costs.

*Ordered accordingly.*